## Winslow P. Burhans et al. v. Phœbe G. Corey et al.

*Delivery of goods:   When bound by notice.*  Where· a person is entitled to notice, and has not stipulated or consented to have it transmitted by mail or other channel, he is not bound by any notice until actually received, and is not in default if acting promptly thereafter.

*Joint and several action:   Agency.*  Where wool belonged to different parties in severalty, and that was understood by the purchaser, the fact that the contract of sale was made by a person interested in a part, and agent for the rest, and at a uniform price per pound, does not make it a joint sale, but the transaction is several, and separate actions for violation of such contract should be brought by the parties interested in each separate parcel instead of one joint action.

*Statute of Frauds:  Earnest Money:  Delivery.*  A sum of money paid as earnest in such a transaction to the person acting for all, will be regarded as belonging ratably to the venders of the different parcels, and will, therefore, bring all of them within the protection of the provision of the Statute of Frauds legalizing parol sales without delivery, where earnest money is given to apply on the price.

*Heard July 11th.   Decided October 7th.*

Error to Ionia Circuit.

This was an action brought by the defendants in error to recover damages for a breach of special contract. The declaration averred that on the first day of September, 1864, the plaintiffs were the joint owners of a large quantity of wool, to wit: six hundred pounds, and that they bargained and sold said wool to the defendants, who agreed to pay them therefor one dollar per pound on its being delivered to them at Ionia; and it further averred that the defendants did then and there pay the plaintiffs thirty dollars in part payment of the price thereof. It also averred a delivery of the wool according to the contract, and a refusal to receive by the· defendants.

Defendants pleaded the general issue, and gave notice of set - off.

Judgment was rendered for plaintiffs.

*C. I. Walker* and *S. T. Douglass,* for plaintiffs in error.

The contract in this case was not in writing, and the plaintiffs claimed, as their testimony tended to prove, that

the contract was substantially as it was alleged to be in the declaration, viz: That the plaintiffs contracted to sell their wool to the defendants at one dollar per pound, and that upon that contract the thirty dollars was paid. The defendants claimed, as their testimony tended to prove, that but one contract was made, and that was for the sale of the wool of Ann Corey, as well as that of the plaintiffs, and that the thirty dollars was paid upon that entire contract.

The testimony on both sides tended to show, and without contradiction, that the thirty dollars was paid in one solid sum, and upon only one contract. It was only the contract on which that thirty dollars was paid that could be the ground of action under our statute of frauds.—*2 Comp. L. § 3184.*

On the trial, the defendants requested the court to charge the jury that if they found that the defendants purchased the whole of the wool owned by the plaintiff and Ann Corey in one entire contract, and that the thirty dollars was paid to bind the bargain for the whole of the wool, then there is in law a non-joinder of plaintiffs, and the plaintiffs can not recover; but the court refused so to charge, and did charge that there was no evidence that Babcock authorized Mrs. Corey to sell any other wool than their own, and therefore there was no non-joinder of plaintiffs; to which refusal and charge the defendants excepted.

It was a question of fact for the jury to determine whether the contract was, as claimed by the plaintiffs, or as claimed by the defendants, and their verdict should have been accordingly. It was entirely immaterial whether Mrs. Corey had or had not authority from Babcock to sell their joint wool in the same contract with that for the sale of Ann Corey's. If the contract was as is claimed by plaintiffs, they were clearly entitled to a verdict. If it was as is claimed by defendants, then they were as clearly not entitled to one. For, in the latter case, they have not proved the

contract as paid, and the thirty dollars was paid upon an entirely different contract from the one relied upon. If Mrs. Corey had no authority to make one entire contract for all the wool and yet did so, her want of authority would not change the contract made into an entirely different one.

If the contract was entire and the thirty dollars was paid upon the contract for all the wool, then all the parties not only might, but should have joined.— *1 Chitty Pl. 13 and notes; 1 Pars. on Con. 21, 26, and notes.*

We submit, therefore, that there was error in the refusal to charge, and in the charge as to non-rejoinder.

*L. B. Soule,* for defendants in error.

1. A new trial will not be granted for a refusal of instructions, not based upon evidence in the case, whether erroneous or not.— *Hilliard on New Trials, 234, 235.* Or, of instructions assuming a fact, or facts, not proved and not in the case.— *30 Ala. 253; 10 N. Y. 207.*

There being no evidence in the case on the subject of notice by mail, the judge could make no charge thereon. *1 Wend. R. 511; 15 Penn. 59; 3 Duer, 370; 12 Barb. 84; 1 Denio, 586.*

2. When there is simply an agreement that the defendants shall notify the plaintiffs when they want them to deliver certain property, and no mode of notice is agreed upon, the law would imply personal or actual notice, and if the defendants made a choice of a particular mode of giving the plaintiffs the notice, certainly the defendants must run all risk of the means adopted for that purpose. *30 Vt. 728; 18 Barb. 392; 25 Id. 635, 646; 32 Mis. 68; 9 B. Mon. 253.*

None but parties having a joint interest in the subject matter of the contract can join in an action in assumpsit for a breach of it.— *Barb. on Parties, pp. 31, 32; 1 Saund.*

*153, nut; 1; 8 Sergt. and R. 308; 10 Id. 257; 10 East, 418;
1 N. Y. 392; Broom on Parties, 18; 1 Chitty on Pl. 9, 10;
4 Johns. 24; 5 Id. 176; 19 Id. 213, 426.*

CAMPBELL J.

Defendants in error sued plaintiffs in error for the price of certain wool sold to them, which they refused to accept and pay for. It was claimed, by plaintiffs in error, that they were exonerated from default, because the wool had not been delivered to them within a reasonable time after notice was mailed directing it to be forwarded. The court charged that, unless the jury found the notice was to be given by mail, the time of the receipt, and not of the mailing, would govern.

This ruling was correct. There appears on the record no evidence tending to prove any agreement for a notice other than personal, and the negotiations for purchase were all verbal. A party can be in no actual fault who proceeds to comply with a notice as soon as he receives it; and to hold him guilty of a constructive default, when he has always been willing to do his duty, can only be allowed where he has consented to run the risk of the safe transmission through a given channel. The ruling was in conformity with this principle, and was all that plaintiffs in error could have asked.

Another ground of error alleged, depends upon a claim, set up on the trial, that the actual contract of sale embraced the wool of one Anne Sunderlain, as well as that of defendants Corey and Babcock, it being asserted that there was a defect arising out of the non-joinder of Anne Sudderlain as a plaintiff.

It appeared, without dispute, that Mrs. Corey made the bargain in question with an agent of plaintiffs in error. Smith, the agent, saw Mrs. Corey, and endeavored to purchase the wool owned by her and Babcock, he being fully

informed concerning this ownership.    She referred him to
Babcock, who was then absent some distance at his mother's.

Smith's recital of the matter is this:    "Mrs. Corey said
that she and Babcock had concluded to sell their wool
together, and that I must go and see him.    I went and saw
Babcock, and told him the same things I had Mrs. Corey,
and he said first he did not wish to sell; but finally said
if Mrs. Corey wants the money she might sell the wool;
any bargain she might make he would abide by, and that
he would deliver the wool by the time I wanted it.    I went
back and told Mrs. Corey what Babcock had said.    I spoke
of Ann's wool and said I wished to buy her's also; did not
see Ann; she was in another room.    Mrs. Corey went and
saw her, and came back and said I could have all the wool
on the place, Ann's and Babcock's, at $1 per pound.    I
bought it at that price, and paid $30 to bind the contract
for all the wool."

The court was asked to charge the jury that the state-
ment made by Babcock to Smith, and by him conveyed to
Mrs. Corey, was sufficient to authorize Mrs. Corey to sell
their wool and Ann's in one contract.    This was refused,
and we think correctly.    Babcock had not had his atten-
tion called by Smith to any wool but that in which he
had an interest with Mrs. Corey, and no allusion was made
to Anne at all.    The mission of Smith was only to get
Babcock's consent to the terms proposed to Mrs. Corey.
To allow his language, called forth by this state of things,
to be applied to another and very different thing, which
would have involved him in liabilities for a third person in
whose concerns he had no interest, would be in violation
of fairness and of good sense.    There is no ambiguity in
his expressions, and they can only apply to the property in
which he was a joint owner, and concerning which alone
he had been applied to.

The court was also asked to charge that if plaintiffs
purchased all the wool owned by Mrs. Corey, Babcock, and

Anne Sunderlain, the amount of the wool or the number of pounds to be subsequently ascertained in one entire contract, and that the $30 were paid to bind the bargain for the whole, there was a non-joinder of plaintiffs, and plaintiffs could not recover.

This the court refused, and said there was no evidence that Babcock authorized any such joint arrangement.

We think there is nothing in any of the testimony tending to prove any such contract. Smith made all his arrangements knowing that there was no common interest in all the wool and that it was owned in severalty. There is nothing in the remotest degree tending to show an attempt to combine them. The wool was sold by the pound, and not for a round sum, and the transaction is in no respect different from that where one agent sells at the same time and for a similar price the goods of several known principals. It would be absurd to hold that they thereby became jointly liable for any breach of such an arrangement. And under such circumstances the earnest money would belong to them all ratably.

There was no error in the proceedings, and the judgment must be affirmed, with costs.

The other Justices concurred.