## George C. Vinton et al. v. Luther H. Mead.

*Writ of attachment: Return day.* Where a writ of attachment was made returnable on "Tuesday, the 2d of June" without mentioning the year; *held*, in law to mean after the date of the writ—*Nash v. Mallory, Ante p. 232.*

*Circuit Court Commissioner: Dissolution of Attachment: Evidence.* A Circuit Court Commissioner can only dissolve an attachment for reasons going to show that the plaintiff "has not a good and legal cause for suing out such writ." This includes nothing but an inquiry into the facts or the sufficiency of the affidavit. Other defects are beyond his jurisdiction.

*Heard October 17th. Decided October 20th.*

VINTON ET AL. *v.* MEAD.

Certiorari to a Circuit Court Commissioner for Clinton County.

The Commissioner dissolved an attachment on several grounds, and this proceeding was to review his action.

The facts are stated in the opinion.

*Spaulding & Cranson,* and *Patterson & Scovill,* for plaintiffs

*D. Jamison,* for defendant.

CAMPBELL J.

In this case a Circuit Court Commissioner dissolved an attachment on two grounds: *First,* Because the writ was made returnable on "Tuesday, the 2d day of June," without mentioning the year; and *secondly,* because the copy of the writ of attachment served on the defendant purported to be issued in 1860, when the suit was really commenced in 1868, and the writ was so dated. The first point was decided in *Nash v. Mallory, 17 Mich. 232.* The writ was in law returnable on the 2d day of June after its date.

The second ground was not within the jurisdiction of the Commissioner. He can only dissolve an attachment for reasons going to show that the plaintiff "has not a good and legal cause for suing out such writ." This includes nothing but an inquiry into the facts or the sufficiency of the affidavit, and all other defects in the proceedings must be passed upon by the court and not by the Commissioner at chambers.

His order, therefore, must be quashed, with costs.

The other Justices concurred.