No. 351.

## SCHMIDT v. THE GERMAN MUTUAL INSURANCE COMPANY.

INSURANCE.—*Mutual Company.*—*Assessment to Pay Losses.*—*Notice of to Member.*—*How Must be Given.*—*Forfeiture of Policy.*—*Ambiguous Provisions.*—*How Construed.*—Where the articles of association of a mutual insurance company provided that when assessments were made to meet losses "the members shall be bound to pay the same (assessments) within thirty days after receiving notice thereof," and the by-laws provided that notice of an assessment "shall be given by publication in one or more newspapers," a forfeiture of a policy will not be declared for failure to pay an assessment unless it is shown that the member had received actual notice of the assessment and was delinquent for thirty days thereafter. If there are any ambiguous provisions or equivocal conditions in the contract of such a company, they will be construed in favor of the insured, particularly respecting provisions and conditions which might operate to forfeit the insurance.

From the Marion Superior Court.

*A. C. Harris* and *J. B. Bridges,* for appellant.

*A. Seidensticker, J. S. Duncan* and *C. W. Smith,* for appellee.

CRUMPACKER, J.—The German Mutual Insurance Company is a fire insurance corporation organized under the laws of this State, upon the premium note and assessment plan. It issued a policy of fire insurance to Elizabeth Schmidt on the 16th day of October, 1886, covering certain buildings and personal property, for a term of six years. On October 12th, 1888, a portion of the insured property was destroyed by fire, and this suit was brought to recover indemnity for the loss. The policy, upon which was printed a copy of the articles of association and by-laws of the company, was filed with, and by appropriate reference made part of, the complaint.

Sections four and five of article three of the articles of association are as follows:

" Sec. 4. In case the funds in the treasury are not suffi-

cient to meet the losses, the directors shall make an assessment on the members of the association, based upon their respective premium notes. The treasurer shall notify the members of such assessment, and the members shall be bound to pay the same within thirty days after receiving notice thereof.

" Sec. 5. In case any member refuses or neglects to pay such assessment within thirty days, the directors may bring suit for the whole amount of the premium note and collect the same, or the directors may cancel the policy of such member and collect the assessments due thereon up to the time of such cancellation."

Section twenty-two of the by-laws is as follows : " Whenever the directors shall make an assessment upon the members for the payment of losses or current expenses, notice thereof shall be given by publication in one or more newspapers."

These are all the provisions respecting assessments, notice and forfeiture contained in the articles of association or by-laws which affect the questions involved in this case.

The defendant answered that an assessment was duly made on the 2d day of July, 1888, and notice thereof was given by publication in two newspapers printed and published in the city of Indianapolis, and also by mailing a notice of such assessment to the plaintiff; that she failed to pay the same within thirty days after such notice, and the directors of the company, by resolution duly adopted, cancelled her policy, and the secretary mailed a notice of such cancellation to her several weeks before the loss. It is also shown by the answer that policies and premium notes are divided into three classes, designated "A," " B " and " C," and that plaintiff's policy belonged to class " B."

The plaintiff replied that she had no notice or information of the alleged assessment or the cancellation of her policy before the loss, and that she did not receive either of said notices alleged to have been mailed to her by the de-

Schmidt *v.* The German Mutual Insurance Company.

fendant; that she did not see or have any information whatever of the notice published by the defendant until some days after the loss, and that she was always ready and willing to pay any assessment regularly levied upon her note upon notice of the same; that said notice published by the defendant contained no request or demand upon the members to pay said assessment within thirty days, except the following: "*Resolved,* That the executive officers and agents of the company are requested to look after the prompt collection and payment of this assessment within thirty days and to take all necessary steps for that purpose;" that said notice was not given by the treasurer of said defendant alone, but it was signed by the president, secretary and treasurer.

A demurrer for want of sufficient facts was sustained to the reply, and the plaintiff refused to amend or plead further, whereupon judgment was rendered in favor of the defendant upon the pleadings.

From this judgment the plaintiff appeals, and assigns for error the decision of the court in sustaining the demurrer to the reply.

The solution of the question presented by the appeal must depend upon the construction given the contract respecting the kind of notice members are entitled to, whether actual or constructive. Counsel for appellant contend that the contract, correctly interpreted, provides for actual notice, while upon the other hand it is insisted that notice by publication is stipulated for. A certificate of membership in a a mutual insurance company is a contract for insurance, and in most respects should be construed in the same manner as an ordinary insurance policy. While the insured is a member of the company, and entitled to a voice in its management and control, the promise of indemnity is based upon a valuable consideration, and the company, in respect to the insurance, is a distinct legal entity, occupying the contractual *status* towards the member. *Supreme Lodge, etc.,* v. *Knight,*

117 Ind. 489; *Holland* v. *Taylor*, 111 Ind. 121; *Presbyterian, etc., Fund* v. *Allen*, 106 Ind. 593; *Elkhart, etc., Ass'n* v. *Houghton*, 98 Ind. 149.

Every member, however, is bound to know the contents of the articles of association and by-laws, and his policy must be construed with reference to them. They enter into and become part of the contract to the same extent as if they were expressly written therein. *Pfister* v. *Gerwig*, 122 Ind. 567; *Gray* v. *Supreme Lodge, etc.*, 118 Ind. 293; *Bauer* v. *Sampson Lodge, etc.*, 102 Ind. 262.

Where a policy in a mutual insurance company provides for notice of assessment to its members, such notice must be in substantial accord with the requirements of the contract, or it will be ineffectual. Even where constructive notice is provided for, it seems that personal notice will not be allowed as an efficient substitute. *Sands* v. *Graves*, 58 N. Y. 94; *Atlanta, etc., Ins. Co.* v. *Sanders*, 36 N. H. 252; *Penobscot R. R. Co.* v. *Dummer*, 40 Me. 172; *Tomlin* v. *Tonica, etc., R. R. Co.*, 23 Ill. 374; *Penn, etc., School* v. *Independence Ins. Co.*, 127 Pa. St. 559; *Northampton, etc., Co.* v. *Stewart*, 39 N. J. L. 486.

Where one is entitled to notice by the terms of a contract and has not stipulated that it may be given through the mails or some other mediumship, he is entitled to actual notice, and anything short of this is equivalent to no notice at all. This rule is firmly intrenched in the jurisprudence of this country. *Burhans* v. *Corey*, 17 Mich. 282; *Mullen* v. *Dorchester, etc., Ins. Co.*, 121 Mass. 171; *Hermann* v. *Niagara, etc., Ins. Co.*, 100 N. Y. 411; *Wachtel* v. *Noah Widows, etc., Soc.*, 84 N. Y. 28; *Siebert* v. *Supreme Council, etc.*, 23 Mo. App. 268.

It is insisted by counsel for appellee that the articles of association and the by-laws upon the subject of notice should be construed together, and when so considered the notice by publication, provided for in section twenty-two of the by-laws, must be held to be the kind of notice which

shall afford the basis of a forfeiture under the articles of association. It will be noticed that no time or place is designated in the by-laws for publishing such notice, but that it may be published at any time in any newspaper in the State. If appellee's theory of construing the contract shall prevail, however, the judgment must be upheld, for it is entirely competent for the parties to contract for that kind of notice, and when they have so contracted, such notice will be conclusive upon the members regardless of whether they actually knew of the assessment or not. Upon the other hand, it is maintained that the articles of association provide for actual notice of an assessment before there shall be a forfeiture of the policy, and that the notice provided for in the by-laws was not designed as a substitute for such notice, but for an entirely different purpose.

Provisions affecting the rights of the parties under policies issued by mutual insurance companies are to be construed in the same manner as similar provisions in policies issued by stock insurance companies. Indemnity being the object, they will be construed with a view to effectuate that end, as fully as possible. If the contract contains ambiguous provisions or equivocal conditions, they will be resolved in favor of the insured, particularly, respecting provisions and conditions which may operate to forfeit the insurance.

It is only where there is a plain and unequivocal agreement creating an imperious legal necessity that such a construction will be adopted as will result in a forfeiture. *Rogers* v. *Phenix Ins. Co.*, 121 Ind. 570; *Havens* v. *Home Ins. Co.*, 111 Ind. 90; *Northwestern, etc., Ins. Co.* v. *Hazelett*, 105 Ind. 212; *Supreme Lodge, etc.*, v. *Smith*, 98 Ind. 374; *Supreme Lodge, etc.*, v. *Abbott*, 82 Ind. 1; *Home Ins. Co.* v. *Marple*, 1 Ind. App. 411; *Nat'l Bank* v. *Ins. Co.*, 95 U. S. 673; *Burkhard* v. *Travellers' Ins. Co.*, 102 Pa. St. 262; *Ballou* v. *Gile*, 50 Wis. 614; *Erdman* v. *Mutual Ins. Co.*, 44 Wis. 376; *Bates* v. *Detroit, etc., Ass'n*, 51 Mich. 587; *Siebert* v. *Supreme Council, etc., supra.*

Niblack Mutual Benefit Societies, section 15, states the rule respecting by-laws of mutual companies, which form part of the contract, to be as follows: "Where there is any ambiguity or inconsistency in the terms of such by-laws, that construction is to be given them which is most favorable to the rights of the member."

In the case before us the articles of association provide that the treasurer shall notify members of assessments, and they shall pay the same within thirty days after *receiving* such notice. These provisions, unless qualified by the section of the by-laws quoted, unquestionably contemplate personal or actual notice. A failure upon the part of the member to pay an assessment within thirty days after notice, is fraught with important consequences. Either the entire premium note may be declared due and payable at once, or the policy cancelled at the option of the company.

Where actual notice is required, the mailing of a notice duly stamped and addressed is only *evidence* of its receipt, and the burden is upon the sender to show that it was actually received. Where the contract stipulates for notice by "mail or otherwise," it is held that notice in due form, sealed in an envelope duly stamped, and addressed and deposited in a post-office is a sufficient compliance with the contract, and that notice will date from the time it would reach its destination in the ordinary course of the mails. *Lothrop* v. *Greenfield etc., Ins Co.,* 2 Allen, 82 ; *Epstein, etc.,* v. *Aid, etc., Ass'n,* 28 La. Ann. 938; *Greeley* v. *Iowa, etc., Ins. Co.,* 50 Iowa, 86 ; *Yoe* v. *B. C. Howard, etc., Ass'n,* 63 Md. 86.

In the case of *Castner* v. *Farmers' Mut. Ins. Co.,* 50 Mich. 273, the charter provided that when assessments were made the members should be "notified by the secretary or otherwise, either by circular or verbal notice," and upon failure to pay within thirty days after such notice the entire premium note should become due or the policy forfeited at the option of the company. It was held, in view of the important consequences which resulted from a failure to pay

assessments, that the provision should be construed liberally in favor of the member and he should have actual notice; that a circular letter containing the information mailed to the member was not sufficient unless he actually received it. Considerable importance is given in that decision to the word " notified," the court declaring it to import actual information.

In the case of *McCorkle* v. *Texas, etc., Ass'n*, 71 Tex. 149, the by-laws required that notice of assessments " shall be sent" to each member, and upon failure to pay within a specified time after notice a forfeiture might be declared. The court held that inasmuch as no method of sending notice was prescribed the member was entitled to actual notice, and a forfeiture could not be founded upon a notice sent by mail unless it was actually received. In the course of the opinion the court said : "Courts should not construe a clause in a policy of insurance so as to entail a forfeiture unless it is plain that such a construction is correct."

In the case of *Payn* v. *Mut. Relief Soc.*, 17 Abb. N. Cas. 53, it was held that notice of an assessment which, according to the by-laws, should be given the member by the general secretary, should be given substantially as provided, and that a blank in due form with the general secretary's name printed thereon, filled out and sent by a local secretary, was not a compliance with the provision.

In the present case the articles of association require, not only that notice of assessments shall be given the member, but that it shall be *received* by him before he can be guilty of such default as will furnish a basis for the cancellation of his policy. Such notice should be given by the treasurer, while the notice provided for in the by-laws may be given by any officer the company may authorize. In this instance it was given by the president, secretary and treasurer, thus showing, according to the company's own interpretation of the requirement, that it was a different notice from that contemplated in the articles of association. This circumstance is

corroborated by the further fact that the treasurer mailed a notice to the appellant of the assessment in question, indicating again that he did not rely upon the published notice as the one designed to require members to pay assessments. It is not difficult to understand why two kinds of notice may have been deemed necessary. Premium notes are divided into different classes upon which different rates of assessment were levied. Notice to a member in one class, of an assessment upon his note, would furnish no information respecting the rates in other classes. Each member, in a general sense, is interested in the amount of money collected and disbursed for current expenses and payment of losses in all classes, and knowledge of this is necessary in order that he may compare his assessment with others and satisfy himself that it is equitable. This knowledge was probably intended to be furnished by the publication provided in the by-laws.

The capacity of language for certainty of expression is unmeasured, and if it had been the intention of the company that the publication prescribed in the by-laws should be the notice contemplated in the articles of association, it would have been a very simple matter to have so declared in plain and positive terms. It had the making of the contract, in the matter of detail, in its own hands, and owed it to policy-holders to express it in clear and unmistakable terms upon every material question. It was said by McCrary, J., in *Wallace* v. *German-American Ins. Co.,* 41 Fed. Rep. 742: "As the insurance company prepares the contract, and embodies in it such conditions as it deems proper, it is in duty bound to use language so plain and clear that the insured can not mistake or be misled as to the burdens and duties thereby imposed upon him."

There is nothing in the by-laws of the company to prevent it from levying an assessment at any time, and if no notice of such levy were given except by publication in *any* newspaper in this state, many policies might be forfeited without the knowledge of the insured, and thus great inse-

curity and uncertainty would characterize a branch of business, the whole aim of which is to afford security and certainty against loss. We can not give the contract under consideration an interpretation which would lead to this result without doing violence to generally accepted canons of construction, sanctioned by the strongest principles of equity and natural justice. In view of the rules above announced the conclusion is coerced that there can be no cancellation of the policy until there has been a failure to pay an assessment within thirty days after *actual* notice. The reply alleges that no such notice was had and the demurrer admits the truth of the averment.

The judgment is reversed, with instructions to overrule the demurrer.

Filed April 12, 1892.