M. LE FRONE MERRIMAN, Respondent, *v.* THE KEYSTONE MUTUAL BENEFIT ASSOCIATION, Appellant.

Defendant issued to M., plaintiff's assignor, a policy of insurance for the sum of $1,000, payable in nine years, or upon the death of the insured, if he died before that time. The policy provided for the payment of annual premiums, and also of mortality assessments; if these were not paid when due, it was provided that the policy should be null and void. It was not stated when the mortality assessments would become due. Such an assessment was made, and on January 2, 1888, notice thereof was mailed to M., which required payment thereof "within thirty days from the date of notice," and stated that if not so paid, the policy would be forfeited. This notice was not received by M. until February seventh thereafter. On the next day he sent a check for the amount, which defendant refused to receive, and declared the policy forfeited. In an action upon the policy, *held*, that it could not be forfeited until its holder was put in default, and the only way this could be legally done was by notice and demand; that while notice might be given by mail, and it would be presumed that a notice mailed reached the policy-holder, defendant took the risk of its reaching him, and until it did he

could not be charged therewith, and, as promptly on its receipt M. tendered payment, he was not in default.

Also *held,* that the provision of the act of 1877 (Chap. 321, Laws of 1877), providing that before a forfeiture of a life policy can be declared for nonpayment of premiums or interest, notice must be mailed to the holder, stating that unless the premium or interest due was paid within thirty days, the policy would be forfeited, did not apply; that it applied only to premiums or interest payable at stated intervals, not to mortality assessments.

(Argued March 21, 1893; decided April 11, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 29, 1892, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought by plaintiff as assignee of a policy of insurance issued by defendant to Seth H. Merriman, plaintiff's assignor.

The facts, so far as material, are stated in the opinion.

*George T. Spencer* for appellant. By the default of the assured in payment of the assessment of January 2, 1888, the policy became forfeited and the liability of defendant ceased. (*Phelan* v. *N. W. M. L. Ins. Co.,* 113 N. Y. 147.) The default in payment of the assessment was not waived by any act of the defendant or any recognition of it as still in force. (*Ronald* v. *M. R. F. L. Assn.,* 132 N. Y. 378; *Mayor* v. *E. R. F. L. Assn.,* 42 Hun, 237.) By the default, the policy became at once forfeited and void, without any act or declaration on the part of the defendant. This is made so by the terms of the contract. (*Atty.-Gen.* v. *C. L. Ins. Co.,* 93 N. Y. 73.) The statute makes the mailing of a notice stating when any premium upon a life policy will become due to the assured equivalent to personal notice. It is equally applicable to a notice of an assessment. (*Waite* v. *Borne,* 123 N. Y. 592; *King* v. *McKellar,* 94 id. 317; *Phelan* v. *N. W. M. L. Ins. Co.,* 113 id. 147; *People* v. *Formosa,* 131 id. 478.) Punctual payment of premiums and assessments is the very

essence of life insurance, and by default of payment according to the conditions of the policy and the statutory notice, the policy is rendered void. (*Holly* v. *M. L. Ins. Co.*, 105 N. Y. 444; *Fowler* v. *M. L. Ins. Co.*, 66 id. 389; *Schneider* v. *U. S. L. Ins. Co.*, 123 id. 109.) The failure of the assured to receive the notice was no excuse for the default. (*Schneider* v. *U. S. L. Ins. Co.*, 123 N. Y. 109; *Dennis* v. *M. B. Assn.*, 120 id. 496; 2 May on Ins. § 562; *Greely* v. *I. S. Ins. Co.*, 50 Iowa, 86; *Weakly* v. *N. W. B. Assn.*, 19 Brad. 327; *U. M., etc., Assn.* v. *Miller*, 26 id. 230; *M. R. F. L. Assn.* v. *Hamlin*, 139 U. S. 297; *Mayor, etc.*, v. *Moon*, 52 Hun, 139.) The assured cannot avail himself of mistake or accident in an action on the policy. His remedy, if any, is by an action in equity, to be reinstated or have the policy continued in force. (*Myer* v. *K. L. Ins. Co.*, 73 N. Y. 576; *Day* v. *C. M. L. Ins. Co.*, 45 Conn. 480; *Caster* v. *B. L. Ins. Co.*, 110 N. Y. 15; *Atty.-Gen.* v. *N. A. L. Ins. Co.*, 82 id. 172, 190.) The holding of the General Term that conformity to our statute in relation to the service of notice for the payment of mortuary assessments is not necessary, is not warranted by the statute, or any rule of law. (*Vassar* v. *Camp*, 11 N. Y. 441; *Frith* v. *Mactier*, 6 Wend. 106; *Beaks* v. *Da Cunha*, 126 N. Y. 293.) The suggestion of hardship in the opinion of the referee, is without merit, as is also the claim, both in the opinion of the referee and that of the General Term, that the forfeiture of the policy is unconscionable. (*Fowler* v. *M. L. Ins. Co.*, 116 N. Y. 395; *People* v. *K. L. Ins. Co.*, 103 id. 480–486; *N. Y. L. Ins. Co.* v. *Statham.* 93 U. S. 30; *Mayer* v. *E. L. Assn.*, 42 Hun, 237, 238.)

*Daniel L. Benton* for respondent. It is claimed by the defendant that the policy is forfeited, upon the ground that the plaintiff's assignor did not pay the assessment, which was mailed on January 2, 1888, and received by the assignor, Mr. S. H. Merriman, on the 7th day of February, 1888. This is untenable. (Laws of 1876, chap. 341; *Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 417; *Darrow* v. *F. F. Soc.*, 116 id.

537; *Wyman* v. *P. M. L. Ins. Co.*, 45 Hun, 184; *Carter* v. *B. L. Ins. Co.*, 110 N. Y. 15–20, 147; *Phelan* v. *N. Ins. Co.*, 113 id. 147, 151, 152.) Making subsequent assessments operated as a renewal of the policy until the expiration of the time stated in the last assessment, which was March 1, 1888. (*Carter* v. *Ins. Co.*, 110 N. Y. 21; *Roby* v. *A. C. Ins. Co.*, 120 id. 518; 73 id. 480; *Brink* v. *Ins. Co.*, 80 id. 112; *Titus* v. *Ins. Co.*, 81 id. 419; *Holman* v. *C. L. Ins. Co.*, 54 Conn. 193.) Although Mr. Merriman remitted for all assessments made on the policy, such a course was entirely unnecessary, and for the reason that the rejection and refusal to accept payments made in the first instance excused further performance on his part. He was not required to perform an idle ceremony. (*Shaw* v. *R. L. Ins. Co.*, 69 N. Y. 286–293; *Goodwin* v. *M. Ins. Co.*, 73 id. 480; *Grattan* v. *M. Ins. Co.*, 80 id. 281–289.) There can be no valid objection urged to the assignment of the policy, for the reason there is no provision in the policy rendering it void in case of an assignment. (*Valton* v. *N. Y. L. Ins. Co.*, 20 N. Y. 32; *Olmsted* v. *Keyes*, 85 id. 598, 599; *Cannon* v. *L. Ins. Co.*, 29 Hun, 472; *Wright* v. *M. B. L. Assn.*, 118 N. Y. 237; *Marcus* v. *S. L. L. Ins. Co.*, 68 id. 625.) The defendant having disclaimed all liability, and insisting that the policy was forfeited, this was a waiver of proofs under the policy. (*Brink* v. *Ins. Co.*, 80 N. Y. 108–112; *Grattan* v. *Ins. Co.*, Id. 289; 40 Conn. 56; *Shaw* v. *Ins. Co.*, 69 N. Y. 286; *Watson* v. *Walker*, 23 N. H. 471; *O'Connor* v. *Dingley*, 26 Cal. 11; *Rosenthral* v. *Baer*, 18 La. 473.) The motion to dismiss the complaint was properly denied by the court. (*Bogardus* v. *N. Y. L. Ins. Co.*, 110 N. Y. 328–336; *Roby* v. *Ins. Co.*, 120 id. 510, 516, 517, 518; *Baxter* v. *B. L. Ins. Co.*, 44 Hun, 184; *Murray* v. *N. Y. L. Ins. Co.*, 85 N. Y. 236–239.)

EARL, J. On the 26th day of February, 1881, the defendant issued a policy of insurance to Seth H. Merriman, by which, in consideration of certain payments to be made by him, it promised to pay him, nine years from the date thereof,

the sum of $1,000, or if he died before the expiration of that time, then it promised to pay the same sum to his personal representatives or assigns, ninety days after his death.. By the terms of the policy he was to pay, and did pay, at the time it was issued, the sum of $9.35, and he was to pay $6.25 annually after the date of the policy for the next succeeding four years; and thereafter, during the remainder of the nine years, he was to pay annually the sum of $3.25. He was also to pay mortality assessments according to the charter and by-laws of the association, and the terms stipulated in the application upon which the insurance was based. He made all the payments according to his policy, which became due prior to the first day of February, 1888. Prior to the second day of January, 1888, Richard W. Pascoe, who held a policy issued by the defendant, died, and an assessment was made to pay the amount due under his policy. Merriman's assessment therefor was $1.98, and on the second day of January the defendant caused a notice to be mailed to him, of which the following is a copy:

"ALLENTOWN, PA., *Jan.* 2, 1888.

"Mr. S. H. MERRIMAN, *Hornellsville, N. Y.:*

"You are hereby informed of the death of Capt. Richard W. Pascoe, of South Easton, Penna., who has been a member of this association under policy No. 1189, and died of exhaustion. The witnesses to the proof of death are Dr. John J. Detwiller, H. A. Sage and Z. Taylor, all of Easton, Pa.

"You are hereby required to remit to this office by draft, postal order or check (if made in any other way it is at risk of the sender), or pay to our authorized collecting agent your *pro rata* mortality assessment $1.98 on policy No. 2705, which includes the amount stipulated in your application for collection, within thirty days from the date of notice, otherwise your policy will be forfeited.

"A. R. HORNE, *Secretary.*"

By some default or accident of the mail this notice did not reach Merriman until the 7th day of February, and on the next day he sent his check to the defendant to pay the amount

of his assessment, which it refused to receive, and it declared the policy forfeited because the assessment was not paid on the first day of February, as required by the notice. Thereafter, although Merriman tendered all the payments that fell due upon the policy during the nine years, it refused to receive them or to recognize the existence of the policy. After the policy had, by its terms, matured, Merriman assigned his claim under it to the plaintiff, and he brought this action to recover the amount due under the policy, and has succeeded in the courts below.

The sole contention of the defendant now is that the policy was forfeited because the assessment of $1.98 was not paid on the first day of February, as required by the notice. Neither the charter, the by-laws, nor the application upon which the policy was based, were put in evidence, and we are not informed as to their contents. The rights of these parties, therefore, are to be determined by the language used in the policy and the law applicable thereto. The only condition in the policy which is now pertinent is the following: " If any annual dues or mortality assessments on this policy shall not be paid when due, the consideration of this contract shall be held and deemed to have failed, and this policy shall be null and void, and the only evidence of payment shall be the receipt of the association signed by the president or secretary." The policy does not state that the mortality assessments shall become due immediately when made, nor when they shall be due. The policyholders must be notified of them, and payment required before it can be said that they are due. As the policy is to become null and void for the non-payment of assessments, it is obvious that the policyholder must be put in default before such a serious consequence to him can follow from his non-payment; and the only way that he can be legally put in default is by notice and demand, and an opportunity to pay after an assessment has been made. He cannot be said to have neglected payment of an assessment of which he had no knowledge. There is no provision in the policy that a policyholder may be notified of

an assessment by mail; but it is a reasonable rule to apply to the situation, that such notice may be given by mail. If the service of the notice be questioned in any case, it would be sufficient for the company to show that it had mailed the notice, and in the absence of countervailing proof, it would be presumed that the notice reached the policyholder to whom it was addressed. But if the defendant uses the mail to convey notice, it takes the risk that the notice shall reach the policyholder. He must have notice, and he cannot have notice if it fails to reach him without his fault. Here the proof is undisputed that this notice did not reach Merriman until the 7th day of February, and he at once, on the next day, complied with the notice. Under such circumstances it cannot be said that there was any default on his part, or any ground for declaring the policy forfeited, if we consider the rights of the parties as they are regulated by the language contained in the policy.

But the defendant claims some advantage from the act chapter 321 of the Laws of 1877, which provides that "no life insurance company doing business in the state of New York shall have power to declare forfeited or lapsed any policy hereafter issued or renewed by reason of non-payment of any annual premium or interest, or any portion thereof, except as hereinafter provided. Whenever any premium or interest due upon any such policy shall remain unpaid when due, a written or printed notice stating the amount of such premium or interest due on such policy, the place where said premium or interest shall be paid, and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is assured, * * * at his or her last-known post-office address, postage paid by the company, or by an agent of such company, or person appointed by it to collect such premium; such notice shall further state that unless the said premium or interest then due shall be paid to the company or to a duly-appointed agent or other person authorized to collect such premium within thirty days after the mailing of such notice, the said policy and all payments thereon will

become forfeited and void." The defendant claims that this act is applicable to this policy, and that the notice served by it was sufficient under the act to authorize it upon non-compliance therewith by Merriman to declare the policy forfeited. We do not think that the act is applicable to such a situation as this. It clearly has reference only to policies where premiums or interest become payable at stated times, and the purpose of the act is to require the insurers to give the notice so that the policyholder may not lose the benefit of the policy by forgetfulness or misapprehension as to the time of the stated payments. The mortality assessments required to be made under this policy are uncertain in amount and time of payment, and by the terms of the policy they can only become due after notice and demand, and hence they are not within the purpose of the act. These mortality assessments are in no proper sense premium or interest payments. There is in this policy an annual premium payment provided for and to such annual payments the act may have application. But to these small mortality assessments which may be made at any time, the act is not, either in its letter or spirit, applicable.

We are, therefore, of opinion that this very unjust defense to this action should not prevail, and that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.