HANNUM v. WADDILL, *Superintendent of Insurance, Appellant.*

Division One, June 23, 1896.

1. **Insurance**: MUTUAL BENEFIT ASSOCIATION: NOTICE OF ASSESSMENT. It is competent for a mutual benefit association and its members to agree that a notice of assessment may be given by depositing it properly addressed in the postoffice.

2. ———: ———: ———. A finding that a notice of assessment in a mutual benefit association was never mailed *held* warranted by the evidence.

3. ———: ———: ———. A mutual benefit certificate is not forfeited by nonpayment of an assessment of which the member has knowledge where no notice has been given as required by the by-laws.

4. ———: ———: ———: QUESTION FOR JURY. In an action on a mutual benefit certificate for nonpayment of an assessment the question whether the assessment was made is for the jury where the burden of proof is on the defendant and the only evidence that it has been made is testimony of the secretary of the defendant that the minute book of the association contains the order of assessment but the entry is not in evidence.

*Appeal from Linn Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*M. W. Huff* and *Brown & Pratt* for appellant.

(1) It was error in the court to instruct the jury to find for the plaintiff unless they should find from the evidence that the assessment number 79 was made on the members of the company to pay death losses. (2) The verdict should be set aside because defendant's defense that a proper notice was mailed was good at law was complete and unimpeached. 2 Am. and Eng. Ency. of Law, 176. (3) The deceased had actual

notice of the assessment having been made. The defendant being a mutual company, he had no right as a member thereof to rely upon a failure to receive the written notice. The only circumstance that would excuse his failure to pay the assessment would be his ignorance of it, due to the fact that he had not received the notice, and further, the fact that it had not been deposited in the postoffice as the by-laws required.

*Lander, Johnson & Lander* for respondent.

(1) Respondent's motion to dismiss appeal in this court should have been sustained for the reasons distinctly pointed out and specified therein. Secs. 2253 and 2254, R. S. 1889; Supreme Court Rules, Nos. 11, 12, 13, 15, and 16; *Brand v. Cannon*, 118 Mo. 595; *Garrett v. Coal Co.*, 111 Mo. 279; *Bachman v. Brown*, 56 Mo. App. 396. (2) The Kansas City court of appeals rightfully affirmed the judgment of circuit court. Appellant and state superintendent insurance failed to prosecute or perfect appeal, and were guilty of such neglect and laches as to waive any right to be made party, or to be otherwise heard in the court of appeals. Act 1891, p. 69, sec. 2252; secs. 2253 and 2301, R. S. 1889; Kansas City Court of Appeals, rules Nos. 14a, 15, and 19; *Brown v. Murry*, 53 Mo. App. 184; *Snyder v. Free*, 102 Mo. 325; *Thompson v. Allen*, 107 Mo. 479; *Cunningham v. Railroad*, 110 Mo. 208. (3) There is no rule of court or provision of law whereby respondent could bring in state superintendent insurance as party or requiring respondent to suggest the dissolution of appellant company, this being optional with superintendent insurance, and had he moved to be made a party in time, and before the court of appeals was compelled under the law and

rules of that court to affirm the judgment, he would, no doubt, have been substituted as party. Sec. 5945, R. S. 1889; *State ex rel. v. St. Louis Court*, 41 Mo. 599; *Mead v. Mead*, 1. Mo. App. 247; *Reichenbach v. Ellerbe*, 115 Mo. 588. (4) The consideration and finding on the motion to affirm, and for rehearing by court of appeals, was a judicial act, involving a consideration of the facts and construction of the law, and this court will not review the action of court of appeals, they having acted, no matter how erroneously. High on Ex. Legal Rem, sec. 102; *State v. Oliver*, 116 Mo. 188; *State ex rel. v. St. Louis Court*, 87 Mo. 375; *State ex rel. v. Cramer*, 96 Mo. 75, and authorities cited. (5) *Mandamus* will lie to compel an inferior court to act, but will not lie, in this case (where the court acted affirmatively and · judicially on every matter and motion), to correct the errors of inferior tribunal. *State ex rel. v. St. Louis Court*, 87 Mo. 375; *State v. Oliver*, 116 Mo. 188, and authorities last above cited. (6) The verdict is supported by the evidence and is for the right party. This court will not weigh the evidence, and will only reverse a cause where there is no substantial evidence to support the verdict. *Seckinger v. Mfg. Co.*, 129 Mo. 591; *Long v. Moon*, 107 Mo. 334, and authorities therein cited.

MACFARLANE, J.—This suit was commenced against the National Temperance Relief Union, an insurance corporation, under the laws of the state of Missouri, incorporated and doing business on the assessment plan.

After a trial, and judgment against the defendant, the corporation was dissolved by a decree of the circuit court and defendant Waddill, as superintendent of insurance, has charge of its affairs and their settlement.

On the eleventh of September, 1889, one Addison

Hannum was admitted to membership in said corporation, upon which he received a certificate, under which the corporation undertook to pay his wife $1,000 in case of his death, provided he kept and performed the agreements required of him by the by-laws of the corporation. One of these agreements was that he should pay, within thirty days after notice, all assessments which might be levied on account of the death of other members.

Section 2, article 2, of the by-laws, provides that notices of assessments shall be sent by mail to the postoffice address of each member, and that "notices deposited in the postoffice at St. Joseph, Missouri, shall be deemed sufficient notice." It is further provided by said section, that failure to pay such assessments within thirty days after notice should work a forfeiture of all rights, benefits, and interests in the association.

The said Addison Hannum died on fifteenth day of April, 1892, and this suit is prosecuted by his widow, on the certificate, to receive the benefits of the membership.

The substantial defense made by the answer is that on the fifth day of March, 1892, assessment number 79 was declared and notice thereof was, on that day, given to said deceased, but that the same was never paid by him, and by reason thereof the said certificate, and all rights and benefits thereunder, were, on the fifth day of April, 1892, forfeited and said certificate became null and void.

The reply denies that assessment number 79 was ever made and that notice thereof was given deceased.

This is a sufficient outline of the pleadings to present the questions in issue.

On the trial plaintiff read in evidence the certificate of membership and it was agreed that deceased paid all assessments up to number 79 and otherwise

kept and performed all conditions and obligations of membership.

To maintain its defense defendant read in evidence the by-law heretofore mentioned, and offered evidence with a view of proving that notice of assessment number 79 had been given.

This statement or stipulation appears on the record: "It was admitted by both parties that all the assessments were paid except number 79 which defendant contended was not paid, and that the total amount of assessments paid was $24.59. Plaintiff's counsel said: Consider all the assessments in evidence, and the receipts of the various assessments are considered in evidence."

The evidence offered in proof of notice will be considered in the opinion.

At the close of the evidence the court gave the jury this instruction prayed by plaintiff:

"The jury are instructed that in this case the defendant company rests its defense upon the alleged forfeiture of the certificate of membership or policy sued on, by reason of the nonpayment of assessment number 79. The court further instructs you that before the defendant can avail itself of such defense, you must find from the evidence in the case that assessment number 79 was made by defendant on the members of the company, including Addison Hannum, to pay death losses of deceased members, as provided by the by-laws of said company or association, and that defendant mailed said Hannum notice of such assessment in the manner required by the by-laws read in evidence, and unless you find under the evidence that defendant did do and perform said duties, you must find for the plaintiff."

Defendant asked an instruction in the nature of a

demurrer to the evidence which being refused, this instruction was given at its request:

"The court instructs the jury that it is not necessary in order to show that the "Certificate of Membership" of Addison Hannum had lapsed at the time of his death to prove that he had actually received the notice of assessment numbered 79; it is only necessary to prove that the notice was deposited as first-class mail matter, in the postoffice at St. Joseph, Missouri, directed to him at Brookfield, Missouri. If, therefore, you believe from the evidence that said notice was by defendant company deposited in the postoffice at St. Joseph, Missouri, as first-class mail matter, directed to the said Addison Hannum, at Brookfield, Missouri, and he failed to pay said assessment within thirty days from date of said notice, then by the terms of the contract entered into by him, his certificate of membership lapsed, and his right to indemnity thereunder ceased and determined, and said certificate became null and void, and you should find for the defendant."

The verdict was for plaintiff, and defendant appealed.

Only two errors are assigned; *first*, refusing to instruct the jury to find for the defendant, and, *second*, the action of the court in requiring the jury to find from the evidence that assessment number 79 was made.

I.   Under the pleadings the burden was placed on defendant to prove that assessment number 79 was made by defendant and notice thereof was given. Defendant claims that those two facts were conclusively shown and the court should, therefore, have directed a verdict for defendant.

The certificate of membership was accepted by the insured, under which he agreed to be governed by the constitution and by-laws of the corporation.   Defend-

ant's by-laws provided that a deposit of a notice, properly addressed, in the postoffice at St. Joseph should be deemed sufficient notice. This provision became a part of the contract and was binding upon all the members. "It is competent for the parties to agree what shall be notice and it is enough to conform to the agreement as contained in the by-laws." 2 Bacon on Benefit Societies, section 381, and cases cited.

Defendant was, then, only required to prove that notice of assessment number 79 was duly stamped, properly addressed to deceased and deposited in the postoffice, at St. Joseph. Was the proof that this was done made so conclusive that the court could declare it as a matter of law?

The secretary of the association testified that the notice was mailed. He did not pretend to remember this particular notice but derived his knowledge from his careful and methodical manner of giving notices to all members and the checks adopted to avoid omissions. His evidence was certainly very convincing, but was it conclusive? It seems to us that no regularity or method could absolutely prevent mistakes or omissions. At least it does not appear that the method adopted by defendant was so perfect as to avoid all errors. Besides, after the notices are properly addressed they may be mislaid or lost before reaching the postoffice.

On the other hand the evidence is very conclusive that the notice was never received by deceased. Defendant called James Hannum, a brother of deceased, as a witness. He testified that he and his brother lived near together and saw each other every day. Witness also had a certificate of membership in the same association. He testified further: "My brother knew before he was taken sick, that assessment number 79 had been issued by the company. He was inquiring

about this assessment that I had received. I informed him that I had received it. We were talking about these assessments. I had received mine and he had not received his. We talked about it every time one of us came to town. He would ask me if I got the mail. When I would come I would ask him if he had received his notice.'' There was other evidence to the effect that deceased was constantly looking for the notice and that it never came.

We agree that if the notice was mailed it is immaterial whether deceased received it or not. But the fact that it never was received is evidence that it never was mailed. That it was not mailed is equally as probable as that, having been mailed, it never reached its destination.

We are of the opinion that there was evidence from which the jury could have drawn the inference that the notice was never deposited in the postoffice and therefore was never given.

II.    But it is insisted that the deceased had actual knowledge that the assessment had been made, and plaintiff has no right to complain of the association for declaring a forfeiture, for the reason that he could have voluntarily paid the assessment.

It is true the evidence tends to prove that deceased knew that assessment number 79 had been made on the certificate held by his brother, and, from that, he might have inferred that it was also made on his own, but he was nevertheless entitled to notice under his contract with the association, as a condition precedent to a forfeiture of his membership. Forfeitures are not favored by the law, and conditions which work forfeitures should be construed strictly against the party making them. *McFarland v. Accident Ass'n*, 124 Mo. 217; 2 May on Insurance, sec. 367.

The notice provided by the by-laws is not only

required to state the fact that the assessment has been made, but its amount must be stated together with the names of the deceased members, their postoffice addresses, the disease of which they died, the name of the attending physician, and of the person joining in the proof of death. The member is thus given an opportunity to make an independent investigation and satisfy himself that the affairs of the association are honestly managed. The by-law then provides that if the assessment be not paid within thirty days from date of notice the members shall forfeit all benefits, etc. The notice dates from the day it is mailed. No different notice is provided. No forfeiture could have been declared until the required notice had been given.

To sustain its position the defendant cites the case of *Reichenbach v. Ellerbe*, 115 Mo. 588, as an authority. An examination of that case will show that the required notices could not only be served through the mail, but "by giving verbal notice of the assessment." The difference in the requirements of the by-laws of the respective associations is manifest. The by-laws having prescribed the condition upon which a forfeiture could be declared there could be no forfeiture until the condition had been strictly complied with by the association.

III. It is very manifest from this record that the principal issue of fact tried was whether notice of the assessment was given. If that had been the only issue made by the pleadings, or if it had been admitted that the assessment had been ordered by the corporation, then it would have been improper for the court to have submitted that question to the jury and put the burden of proving it upon the defendant. But the by-laws required the corporation, on proof of the death of a member, to order an assessment upon the living mem-

Vol. 135 mo—11

bers to pay the death loss. The members had the right to require this to be done before they could be called upon to pay their proportion of the benefits. The answer charged that an assessment had been made and the reply put the allegation in issue. The burden was on defendant to prove it. This proof doubtless could have been made by introducing the minutes or records of the corporation and this, in the absence of fraud, would probably be conclusive upon the member. *Karcher v. Knights of Honor*, 137 Mass. 371. *Bauer v. Samson Lodge*, 13 Am. & Eng. Corp. Cases, 618, and note.

But after a careful examination of the abstract of evidence furnished us we find no evidence that assessment number 79 was made. The secretary in his testimony says that "page 91 of the minute book contains the order for the assessment," but the minute entry was never put in evidence. There is serious doubt whether there is any competent evidence that the assessment was ever ordered and defendant surely could not complain that the question was submitted to the jury. The judgment is affirmed. BRACE, P. J., absent. ROBINSON, J., concurs. BARCLAY, J., concurs except as to any intimation of approval of the *Reichenbach* case; and he further holds that, as the burden of proof as to giving of the notice was upon the defendant the credibility of the testimony offered by defendant on that issue was for the jury.