Orange County, etc., Fire Assn. *v.* Frost—74 Ind. App. 193.

ify, but its office is to so correct the judgment as to make it in harmony with the finding of the court. Appellants seek to make their motion perform the office of a motion for a new trial. This it cannot do. *Hannah v. Dorrell* (1881), 73 Ind. 465; *Strange, Admr., v. Tyler* (1883), 95 Ind. 396; *Dorsey v. Dorsey* (1902), 29 Ind. App. 248, 63 N. E. 475; *Southern Surety Co. v. State, ex rel.* (1920), *ante* 31, 128 N. E. 622.

Judgment is affirmed.

---

## ORANGE COUNTY FARMERS FIRE ASSOCIATION *v.* FROST.

[No. 10,553.  Filed November 17, 1920.]

1. INSURANCE.—*Actions on Policies.—Defenses.—Notice of Assessment.—Pleading.*—An answer that the policy was not in force because of the failure of insured to pay an assessment, which omits any averment that notice of such assessment was actually received by insured, is insufficient.  p. 195.

2. APPEAL.— *Harmless Error.— Departure.— Pleading.*— Where matter used as a basis of recovery in one paragraph of complaint is set up by reply as a waiver of a defense pleaded to another paragraph of the complaint, the departure, if any, is harmless.  p. 197.

3. PLEADING. — *Reply. — Departure. — Insurance.* — Where one paragraph of a complaint in an action on a policy set up as a separate cause of action an agreement by insurer to pay insured if he would forbear enforcement of his claim for sixty days, the use of such facts by reply as a waiver to a defense set up by answer to another paragraph of the complaint is not a departure.  p. 197.

From Lawrence Circuit Court; *James A. Cox,* Judge.

Action by John M. Frost against the Orange County Farmers Fire Association.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Bayless Harvey* and *John H. Edwards,* for appellant.
*W. H. Talbott* and *Brooks & Brooks,* for appellee.

NICHOLS, J.—The complaint in this action by appellee against appellant was in two paragraphs. The first alleges that appellee was the owner of certain buildings in Orange county, Indiana, which were destroyed by fire on March 1, 1917; that he was insured by a policy issued to him by appellant against loss by fire of said buildings, and seeks a recovery on the fire insurance policy. The second, with averments similar to the averments of the first paragraph, avers further that after the fire it was agreed between appellee and appellant that if appellee would forbear the collection of his claim for loss, appellant would pay the same in sixty days from the time of the agreement, and seeks a recovery on the alleged agreement.

Appellant's second paragraph of answer, with other averments, quotes from the company's constitution to the effect that "in case of loss he (the treasurer) shall promptly notify each member of the association of the amount of his assessment," and from the by-laws to the effect that "any member of this association who fails or refuses to pay his or her assessment within thirty days of the loss shall forfeit their insurance in case they were to meet with a loss while thus delinquent," and then avers that prior to September 25, 1916, certain losses had occurred for the payment of which an assessment was made, and that appellee's quota thereof was $5.15; that on said September 25, 1916, the treasurer of said association notified all members, including appellee, of such assessment, and of the amount due from them respectively, and at the time of payment, which notice was in writing, was correctly addressed to appellee at the place of residence given by him to appellant for the sending of such notices to him, and at the postoffice of his actual residence, was sufficiently and properly stamped, was deposited in the mails of the United States by said treasurer, was received by appellee in due and

MAY TERM, 1920.          195

Orange County, etc., Fire Assn. *v.* Frost—74 Ind. App. 193.

regular course of the mails without any delay except that taken for regular delivery of mail; but that appellee wholly failed to pay said assessment, or any part thereof, made no offer of payment of said assessment, or any part thereof, and wholly ignored said assessment until after his property was damaged and destroyed by fire, when he offered to pay his assessment, which offer appellant declined and refused to accept because it had not been made before said fire. Appellee's demurrer to this paragraph of answer was overruled.

Appellant's third paragraph of answer was in substance like the second, omitting therefrom the averment that the notice was received by appellee in due and regular course of mail, etc., and adding thereto that such notice was never returned to appellant, or its treasurer, or any other person or official, after it was mailed, and the further averment of its custom to so notify its members, including appellee, at all times since its organization in 1897, and to notify them in no other way. Appellant's fourth paragraph of answer is in substance like the third, with the additional averment that appellee knew of the fires and losses for which the assessment was made, that an assessment was a necessity; that such assessment had been made and was being collected; that he was subject to assessment; that when an assessment was made it was made against all members; that he knew that an assessment had been made against him; that if he did not pay it he would become delinquent and his policy suspended; that he made no inquiry of any kind whatever; and that the period for the payment of his assessment had expired for more than four months.

Appellee's demurrer to each the third and fourth paragraphs of answer was sustained, and of this

1. action of the court appellant complains. The second paragraph of answer contains an averment

that the notice was actually received by appellee, while the third and fourth paragraphs omit this averment, and the question, therefore, is whether either of these paragraphs is sufficient without such averment. We quote from *Schmidt* v. *German Mut. Ins. Co.* (1891), 4 Ind. App. 340, 30 N. E. 939, as follows: "Where one is entitled to notice by the terms of a contract and had not stipulated that it may be given through the mails or some other mediumship, he is entitled to actual notice, and anything short of this is equivalent to no notice at all. This rule is firmly intrenched in the jurisprudence of this country." Numerous authorities are cited sustaining the holding. In *Merriman* v. *Keystone, etc., Assn.* (1893), 138 N. Y. 116, 33 N. E. 738, it is held that, where service of notice by mail is not authorized, an insurer using the mail to convey notice takes the risk that the notice shall reach the person. The case of *Kavanaugh* v. *Insurance Co.* (1906), 117 Tenn. 33, 96 S. W. 499, 7 L. R. A. (N. S.) 253, 10 Ann. Cas. 680, with its case note, so thoroughly discusses the question involved, and cites so many authorities, that it seems unnecessary further to consider it here. We quote from that authority as follows: "It is said in the present case that the custom had been to give notice by mail, and that, when a letter was properly posted, all of the requisites of the custom were complied with. This is not a sound view. All of the previous letters had reached their destination, and had conveyed the information they were designed to convey. The custom was not merely to mail, but to give notice by mail, to actually convey the information intended to be delivered by that means."

In *McCorkle* v. *Tex. Benevolent Assn.* (1888), 71 Tex. 149, 8 S. W. 516, the custom was to notify by mail, and the court held that a reasonable construction of the by-laws required that notice should be in fact given to a

MAY TERM, 1920.     197

Orange County, etc., Fire Assn. *v.* Frost—74 Ind. App. 193.

member before a forfeiture would result from a failure to pay dues, and that mailing to a member through a postoffice was not such notice.

It is averred in the fourth paragraph of answer that appellee knew of the fires and losses, and that assessments were necessary, and that they were made. There is no averment as to how he knew, and we cannot assume that he had such information in a regular way from appellant. He cannot be bound by hearsay and rumor. "Information from a third party of the fact which the notice concerns does not constitute notice of such fact, nor is it such knowledge thereof as obligates him to act thereupon at his peril, or to reasonably put him upon inquiry." 2 Joyce, Insurance (2d ed.) §1328; 29 Cyc 171. *Hannum* v. *Waddill* (1896), 135 Mo. 153, 36 S. W. 616. The averments of the third and fourth paragraphs of answer were of evidential facts which the jury might very properly consider in determining whether actual notice had been received, but the direct averment that the notice had been actually received as averred in the second paragraph was necessary in the pleading. All facts averred in the third and fourth paragraphs tending to prove actual notice were admissible under the second paragraph. There was no error in sustaining the demurrer to each of the third and fourth paragraphs of answer.

Appellant complains that the court erred in overruling its demurrer to appellee's fifth paragraph of reply to the second paragraph of answer. This para-2-3. graph of reply avers in substance that appellee, on May 1, 1917, presented his claim for loss, and that it was allowed by appellant in the sum of $1,460, and an assessment for the payment thereof made; that, at the time of such presentation and allowance, there was a dispute and controversy between appellant and appellee as to the liability of appellant, whereupon it

was agreed that, if appellee would wait and forbear in the collection of said loss, and to settle dispute and controversy, appellant would allow said claim, and make said assessment to pay the same, in sixty days from that time, and that appellant did there and then allow said claim and make said assessment, and appellee did there and then agree to wait and did wait and forbear for said period to collect his said claim. Appellant contends that the paragraph of reply was a departure, constituting new matter not in issue under the complaint, and that, if pleaded, it should be a part of the complaint. If appellant's contention is right, we do not see that he is harmed, for such matter is the basis of the second paragraph of complaint, it having there been pleaded as a new contract upon which appellee seeks a recovery. While such an agreement with a valid consideration may be the basis of an action as in the second paragraph of complaint, we see no reason why it may not also constitute a waiver of a defense such as is set up in the answer to the first paragraph of complaint. *Supreme Tribe, etc.* v. *Hall* (1900), 24 Ind. App. 316, 56 N. E. 780, 79 Am. St. 262; *Palmer* v. *Hayes* (1887), 112 Ind. 289, 13 N. E. 882.

The demurrer to the fifth paragraph of reply was properly overruled.

In appellant's motion for a new trial the only errors presented are the giving of certain instructions. There is no claim that the verdict was not sustained by sufficient evidence, or that it was contrary to law. With the principle of law established that the ultimate fact that appellee actually received the notice must be proved to the satisfaction of the jury and that the burden is on appellant so to prove it, we have examined the instructions, and find no reversible error in giving any one of them. The judgment is affirmed.