Filed May 28, 1889.

---

No. 13,733.

## MORGAN *v.* WEIR.

EVIDENCE.—*Relevancy.*—*Payment.*—The question in controversy between A. and B. was whether the latter had paid the former one hundred and forty dollars in May, 1883, on a debt. V., a witness called by B., testified that he bought a horse from B. in that month, and paid him one hundred and fifty dollars for it, not far from a bank. B. testified that he sold the horse to V., received the money and took it to the bank, intending to deposit it, but meeting A. there paid him one hundred and forty dollars of it.

*Held,* that the testimony of V. was competent.

From the Hendricks Circuit Court.

·E. G. *Hogate,* R. B. *Blake* and H. J. *Milligan,* for appellant.

J. V. *Hadley,* for appellee.

ELLIOTT, C. J.—This record presents a single question. The sole dispute between the parties was whether the appellee paid the appellant one hundred and forty dollars in May, 1883, on an interest bearing note held by the latter against the former. Benjamin Vestal, a witness called by the appellee, testified that he bought a horse from the appellee in May, 1883, and paid him for it one hundred and fifty dollars; that the money was paid not far from Tomlinson's bank, in the town of Plainfield. The appellee testified that he sold the horse to Vestal and received the money for it; that he took the money received from Vestal to Tomlinson's bank with the intention of depositing it, but that he met the appellant there and paid him one hundred and forty dollars of the money he had received from Vestal. The appellant's contention is that Vestal's testimony was incompetent, because irrelevant, and thus is presented the only question in the record.

It is important to note that the evidence given is not remote, either as to the time or the place at which the principal event occurred, and that it bears upon two material questions in the case, the payment and the time of payment. It is also of importance that there is a connection between the subsidiary occurrence and the principal event. In view of the connection between the subsidiary fact and the principal event, and the nearness of time and place of the one to the other, we adjudge that the testimony was competent. If the appellee had testified that he obtained the money from Vestal, it is quite clear that it would have been competent for the appellant to have placed Vestal on the witness-stand and to have asked him if the appellee did, in fact, get the money from him; and if this be so, it is difficult to conceive why the appellee is not entitled to prove the fact that he did get the money from the person he named in his testimony. Certainly, the appellee had a right to testify that he got the money from Vestal, and if he might himself state that fact,

what conceivable reason can there be for holding that he might not prove it by Vestal?

Wharton says: "Hence it is relevant to put in evidence any circumstance which tends to make the proposition at issue either more or less improbable." 1 Wharton Ev. (3d ed.), section 21. In *Brooke* v. *Winters,* 39 Md. 505, the court quoted, with approval, this statement from Phillipps on Evidence: "Any circumstances that may afford a fair and reasonable presumption of the fact to be tried, are to be received and left to the consideration of the jury, who are to determine upon their precise force and effect." In *Beckley* v. *Jarvis,* 55 Vt. 348, evidence of the financial condition of a party was held competent upon the issue whether goods were or were not sold to him on credit. Many cases were reviewed in *Dowling* v. *Dowling,* 10 Irish C. L. R. 236, and it was held that evidence of the financial condition of a party was often competent and material. The case before us falls within the general doctrine there declared, and the doctrine we regard as a just one. There must, of course, always be care and discrimination in the application of general rules to particular instances, for it is by no means every instance to which a general rule can be applied, but we are satisfied that, considering the connection between the subsidiary fact and the principal one, and considering also the closeness as to time and place between the two facts, no error was committed in ruling that the testimony was not irrelevant.

Judgment affirmed.

Filed May 28, 1889.