No. 356.

## THE FARMERS' MUTUAL RELIEF ASSOCIATION OF KOSCIUSKO COUNTY v. KOONTZ.

INSURANCE.—*Delinquent Member.— When Policy not Forfeited.—Acts of Association.—Refusal to Adjust Loss.*—The constitution of an insurance company provided that "should any member fail to pay his assessments for more than sixty days, he shall forfeit his protection until all dues are paid," and provided further that "insurance in this association shall be perpetual, unless the member withdraws, which he can do by paying his proportion of prior losses and notifying the secretary." A member became delinquent in the payment of his assessments, and the company failed to notify such member of the forfeiture of his policy, and continued to assess him as though his policy was in full force, and after a loss had occurred accepted full payment of all delinquencies, with full knowledge of such loss, but after such loss occurred under such policy during such delinquency, the company refused to adjust the loss on the ground that the company was not liable for losses occurring to a member during his delinquency.

*Held,* that while the right existed in the association to treat the contract as forfeited, it could not continue to recognize as one of its members ·a delinquent member, continue to make assessments against him, enforce their collection, and when a loss occurs, accept full payment of all delinquencies, with full knowledge of such loss, then declare the policy forfeited and refuse to pay the loss. To hold otherwise would be to treat the contract in force as to one party and void as to the other, to permit one party to receive all the advantages of a contract and deny any advantage to the other.

SAME.—*Forfeiture.—Not Favored in Law.—Construction of Instrument.*—Forfeitures are not favored in the law, and instruments will be so construed as to prevent them, if it can be done without doing violence to the language employed; and in the case of an insurance policy, any provisions therein in the nature of a forfeiting clause are to be construed most strongly against the insurer and as favorably as possible to the insured.

From the Kosciusko Circuit Court.

*J. S. Frazer, W. D. Frazer* and *J. D. Widaman,* for appellant.

*J. W. Cook, E. Haymond* and *L. W. Royse,* for appellee.

ROBINSON, C. J.—The appellant is an association of

farmers, organized under section 3774, R. S. 1881, for mutual protection against loss by fire and damage by lightning.

The appellee was a member of the association, and commenced this suit on a policy issued to him for a loss by fire.

The answer was in three paragraphs. 1. General denial. 2. That the appellee had failed for more than sixty days to pay several assessments, as shown by the answer, during which delinquency, according to the constitution of the association, appellee had lost his right to recover indemnity for loss. 3. Like the second, with the further averment that the appellant notified appellee of his delinquency and declared the policy void, and so notified appellee. The constitution of the association was made part of the answer. It provides (section 4, article 4) that "Insurance in this association shall be perpetual, unless (under section 5) the member withdraws, which he can do by paying his proportion of prior losses and notifying the secretary," and section 3 of article 5 provides that "should any member fail to pay his assessments for more than sixty days he shall forfeit his protection until all dues are paid, and the secretary shall collect by law," etc.

The reply was in three paragraphs. 1. General denial. 2. That the appellee had suffered a former loss while in default, which was adjusted at $4.50 but not paid, and his policy was not then declared forfeited; that after that two other assessments were made upon him, the last November 15th, which he did not pay, but at the time and place appointed for payment, to wit, on December 17th, he sent an agent to make settlement with the secretary, to apply what had been allowed and was due him on former loss and pay the balance in cash, which was 33 cents, which was offered, but not done, because the secretary's books were not at the place fixed for said payment, but that the secretary on that account put it off until a future day, and the payment on this account was postponed and not made until February 12th, three days after the loss for which this suit was commenced; that, be-

lieving prompt payment was not required of him, he made such payment after the loss, which appellant accepted with full knowledge that the loss had occurred, and thereafter continued to assess appellee, and treated his policy as being in force.

3. That it was not the habit of the appellant to require strict compliance as to payment, nor to declare policies forfeited for non-payment, and appellant was in the habit of waiving strict observance of article 5 of the constitution of said association; that the association continued to assess him, and then set out at length that all assessments were paid and accepted by appellant, and that the payments made after loss were accepted with full knowledge thereof; that appellant had not notified appellee of forfeiture, and had authorized the delays in payments, and was estopped to claim forfeiture, etc.

A demurrer was overruled to the second and third paragraphs of the reply, and exception saved.

The cause was tried by a jury, resulting in a verdict for the appellee. Judgment was rendered on the verdict over a motion for a new trial. The evidence is in the record.

The overruling of the demurrer to the second and third paragraphs of the reply, and the overruling of the motion for a new trial, constitute the assignment of errors.

The demurrer to the second and third paragraphs of the reply presents substantially the same question that is made by the motion for a new trial upon an instruction to the jury. The counsel for the appellant present the questions together, and we will so consider them. The instruction was within the issue as made by the second and third paragraphs of the reply, and if the instruction was erroneous, then the demurrer should have been sustained to the second and third paragraphs of the reply; but if the instruction was correct, then the demurrer was correctly overruled to these replies. The objection of the appellant goes only to a part of the instruction, and if only the part objected to was considered, it

would appear to be well taken, but we must consider the instruction as a whole, and not by detached portions. The instruction complained of is upon the question raised in the issues upon the alleged forfeiture in the policy, and is, substantially, that by the acceptance of the policy by the appellee from the appellant, the appellee took the policy subject to the rules and regulations of appellant, to promptly pay future assessments to cover losses of other members of the association; that if appellee failed to pay such assessments as required by the rules and regulations of said association, he could not recover. But if another assessment was made in January, 1886, and not paid by appellee, and during such delinquency the appellee sustained a loss, and appellant adjusted the loss, without raising any question as to such delinquency, and made an allowance for such loss, such would be a waiver by the appellant to claim a forfeiture at that time; that if there was a further delinquency, and during that delinquency appellants made a further assessment against the appellee to pay losses sustained by other members of said association, such would constitute a waiver of forfeiture of said policy at that time. Forfeitures were not favored by the law, but when appellee was delinquent under the rules and regulations of said association, appellant could declare appellee's policy forfeited; yet if not so done, the law would not forfeit it.

It was the right the appellant had, when the appellee was delinquent in payment of assessments legally made, to forfeit his policy by some act of the company, but a failure to declare such forfeiture, and to continue to make assessments upon it, would be treating the policy in full force, and not forfeited; that as to whether the policy had been forfeited, all of the acts of the appellant and appellee in connection with the several assessments made were to be taken into consideration to determine the question as to the mode and manner in which the parties were dealing. Whether or not the appellants intended to strictly enforce the rules against

appellee, and whether appellee should presume, believe and rely on the fact that appellant would not strictly enforce said rules, but would accept the payment of assessments after the time had elapsed for such payment, and whether there was any agreement, express or implied, that appellant would receive the money on such assessments and continue the policy in force, and, for said reasons, whether appellee failed to pay his assessments; that if the assessments, or some of them, were unpaid, and appellant had not by some affirmative act forfeited the policy, and by some understanding or arrangement extended the payment of the assessments, and during that time the loss occurred, and appellant, with full knowledge of the loss, and without having forfeited the policy, received from the appellee full payment of the assessments, and discharged the appellee from further payment of assessments, the policy should be treated as in full force at the time the loss occurred if all the other material allegations had been proven, etc.

The instruction was within the issues as raised by the second and third paragraphs of the reply, and the evidence tended to sustain both of said replies. Counsel for the appellant claim that this instruction was erroneous because the constitution of the association made the law of the case; that under section 3 of article 5 of the constitution providing that " Should any member fail to pay his assessment for more than sixty days he shall forfeit his protection until all dues are paid, and the secretary shall collect by law," etc., a delinquency in payment of an assessment for sixty days simply deprived the appellee of his right to recover for any loss occurring during such delinquency, but it did not exempt him from future assessment, forfeit his policy or put him out of the association, but he remained a member with all the liabilities of a member, and to assess him after delinquency did not constitute a waiver of anything. We do not think the view expressed by the appellant that " the insurance should be perpetual" has any bearing upon the ques-

tion of forfeiture as contained in section 3, article 5, of the constitution of the association above quoted. To adopt the view of the appellant relating to the forfeiture of the policy under section 3, article 5, of the constitution of the association, would be doing violence to the rules governing the construction of such contracts; it would be equivalent to saying that the contract was perpetual as to the payment of assessments, and there should be no protection to the policy-holder in case of loss, even though the association accepted payment of such delinquency with full knowledge of such loss; that the association could receive and appropriate the assessments and refuse to pay a loss occurring while there was a delinquency. Or, if the association chose to do so, could enforce the payment of delinquent assessments, and decline to pay losses to such delinquent, had a loss been sustained. This would be permitting one party to receive all the advantages of a contract and deny any advantage to the other, and to hold the contract in force as to one party and void as to the other. But while the right existed in the association to treat the contract as forfeited, it could not continue to recognize as one of its members a delinquent member, continue to make assessments against him, enforce their collection and, when a loss occurs, accept full payment of all delinquencies, with full knowledge of such loss, then declare the policy forfeited and refuse to pay the loss.

The controlling question in the case at bar is, was the instruction of the court under the issues and the evidence in the case correct upon the question as to whether there had been a forfeiture of the appellee's policy? The rule of law is that " forfeitures are not favored in law, and instruments will be so construed as to avoid them if it can be done without doing violence to the language employed." In case of an insurance policy the rule is held to be " that a continuing warranty in a policy of insurance, the breach of which, whether injurious to the insurer or not, avoids the policy, being in the nature of a forfeiture, must be construed as

strongly against the insurer and as favorably for the insured, as its terms will reasonably permit." This rule is well settled by authority.

This question has been so firmly settled by the recent decisions of the highest courts of this and other States as to admit of no controversy as to the liability of the appellant in this action under the facts contained in the second and third paragraphs of the reply, and therefore there was no error in giving the instruction complained of under the evidence in the case, and the court ruled correctly on the demurrer to the second and third paragraphs of the reply. The authorities so fully sustain the instruction and the second and third paragraphs of the reply that to enter into a detailed discussion of the principles involved would be but a restatement of the law so fully settled and abundantly considered in other cases involving like questions with those in this case. *Phenix Ins. Co* v. *Tomlinson,* 125 Ind. 84; *Phenix Ins. Co.* v. *Boyer,* 1 Ind. App. 329; *Home Ins. Co.* v. *Marple,* 1 Ind. App. 411; *Sweetser* v. *Odd Fellows', etc., Ass'n,* 117 Ind. 97; *Supreme Lodge, etc.,* v. *Abbott,* 82 Ind. 1; *Masonic, etc., Ass'n* v. *Beck,* 77 Ind. 203; *Havens* v. *Home Ins. Co.,* 111 Ind. 90.

The appellant complains of another instruction given to the jury. We have examined the instruction. It relates to the burden of proof under the issues in the case, and as a whole clearly and accurately states the law.

No other questions are discussed by the appellant, except it is claimed in a brief statement that the evidence does not sustain the finding. We have carefully read the evidence and it sustains the verdict.

Judgment is affirmed, with costs.

Filed Feb. 19, 1892; petition for a rehearing overruled May 14, 1892.