## THE SUPREME TRIBE OF BEN HUR v. HALL.

[No. 3,014. Filed March 14, 1900.]

PLEADING.—*Demurrer.*—*Defect of Parties.*—The question of defect of parties cannot be raised by demurrer for want of facts. *p. 321.*

INSURANCE.—*Forfeiture.*—*Waiver.*—*Beneficial Associations.*—Forfeiture of an insurance policy in a mutual fraternal association on account of the non-payment of dues may be waived by the officers charged with the duty of collecting the dues of members in demanding and receiving the dues after the death of insured with knowledge of his death. *pp. 321-324.*

PLEADING.—*Reply.*—*Departure.*—*Insurance*—A reply to an answer setting up a forfeiture on account of non-payment of dues in an action on a policy in a fraternal association, that defendant, by its local officer, demanded and received the overdue assessments after the death of insured, is not a departure from the cause of action stated in the complaint, where it was alleged in the complaint that such local officer was authorized to collect and transmit all dues owing to defendant. *pp. 325, 326.*

INSURANCE.—*Beneficial Associations.*—*Agent.*—A local officer of a beneficial association who is required by the by-laws of the association to collect dues from the members is the agent of the association in doing what its by-laws require him to do as between the members and the association. *p. 328.*

Supreme Tribe of Ben Hur *v.* Hall.

EVIDENCE. — *Insurance.*— *Beneficial Associations.* — *Delinquency of Member.*—Evidence that insured had access to a safe with permission to use money therefrom was admissible in an action on an insurance policy where the question of the delinquency of insured in the payment of his dues was in issue. *p. 328.*

NEW TRIAL.—*Amount of Recovery.*—The failure of plaintiff in an action on an insurance policy to introduce in evidence an assignment upon which her right to recover as to one-half of the certificate was based is not available on appeal, where the amount of recovery is not assigned as a cause for a new trial. *pp. 328-330.*

From the Putnam Circuit Court. *Affirmed.*

*M. W. Bruner* and *S. A. Hays,* for appellant.
*Albert Payne* and *S. D. Coffey,* for appellee.

COMSTOCK, J.—This was an action by appellee against appellant upon a certificate of membership issued by appellant to Odo St. C. Hall, husband of appellee, for the benefit of appellee and Sarah J. Hall, mother of said member, in the sum of $2,500.

The complaint was in four paragraphs. The first paragraph alleges issuance of certificate for $2,500 to Odo St. C. Hall on March 2, 1896, in consideration of payment of $1 on the first day of each month; that that sum was duly paid each month; that Odo St. C. Hall died on August 25, 1896, in good standing; that said Odo St. C. Hall performed all the conditions of the contract on his part, and violated none of the provisions thereof. Facts are then alleged showing waiver of proofs of death, and that Sarah J. Hall assigned her interest in said certificate to appellee.

The second paragraph is different from the first only in the allegations as to payment of dues. As to the payment of dues it alleges payment for March, April, and June; that the member died August 25, 1896; and that, after his death, the appellant demanded, received, and retained the dues for May, July, and August, and then alleges the assignment of the certificate.

The third paragraph differs from the first and second in that it alleges that deceased paid his March dues on the

25th, his April dues on the 21st, his May dues on the 19th, and his June dues on the 20th; that, notwithstanding deceased had paid his dues for June, appellant marked him as suspended on its books for non-payment of the same, that deceased died in the month of August, prior to the time the monthly instalment fell due for that month; that, after Hall's death, dues were collected and retained; and then alleges the assignment of the certificate to her.

The fourth paragraph differs from the first, second, and third in that it alleges a custom established by appellant with the local court and its members to accept the dues whenever convenient for members to pay, whereby said deceased was led to believe that it was not necessary to make payments on the days when due; that he paid March dues on the 25th; April dues on the 21st; May dues on the 19th, and June dues on the 20th; that on the 25th of August Hall died, without having paid his dues for July and August; that, after Hall's death, the scribe of the local court demanded, received, and retained dues for July and August; and alleges assignment of certificate to her.

To these several paragraphs of complaint a demurrer was filed and overruled, to each of which rulings exception was taken. The appellant then answered in two paragraphs. The first paragraph sets out various sections in the by-laws relating to payment of dues. Section fifty-three of the by-laws provides: "Sec. 53. A monthly payment shall be due from each beneficiary member on the first day of each and every month, and must be paid on or before the 25th day of the month in which the same becomes due, without notice, to the scribe of his or her court, or to some one duly authorized by the supreme tribe prior to the institution of a court; and whenever, in the judgment of the tribune, one monthly payment is not adequate to the benefit demands, additional monthly payments may be ordered and published in the official organ or notice of the supreme tribe, and such additional payments must be paid on or before the 25th day

of the month in which the payments were levied: Provided, however, that no extra monthly payments shall be called for while the regular monthly payments, together with the surplus fund, are sufficient to meet the benefit demands, and that not more than one extra payment can be called for in any one month: Provided, further, that certificates dated after the 15th of the month shall not be liable for the regular monthly payment for the month in which they were issued. All payments must be remitted to the supreme scribe not later than the 28th day of the month for which payment is made, so that the member shall have credit on the books of the supreme scribe at least by the first day of the month following the month for which the payment was made."

Section fifty-four of the by-laws provides: "Penalty for Non-payment. A member failing to pay any payment within the time prescribed in the foregoing section shall forfeit all rights and benefits in the benefit and reserve funds, and shall stand suspended from beneficiary membership in the order; provided, however, that if any such suspended member shall pay his or her monthly payment, so that such suspended member shall have credit on the books of the supreme tribe on or before the 10th day of the month following that for which he or she was suspended, no certificate of health will be required; and such suspended member may be required by the court to pay the cost of transmitting such payment to the supreme tribe, as in all cases cost of remittance must be borne by courts; but, if not paid on or before the 10th day of the month, as before stated, then the member shall furnish to the scribe of his or her court a certificate of health, stating that he or she is in as good health as when the certificate was issued: Provided, however, that if any payment is not made within the month following that for which the member was suspended, then the member must furnish a certificate from the examining physician showing him or her to be in good health, and free

from disease, which certificate must be accompanied by the amount of the payments for which the member was suspended, together with all other payments and fees that may have accrued."

The answer further alleges that it is provided in the application of Hall for membership that: "Neglect to pay any monthly payment, assessment, or per capita tax which shall be made by the supreme tribe within the time provided by the laws thereof, or neglect to pay the dues fixed by the said laws in the manner and at the time provided for in such laws or the by-laws of the court to which I belong, shall vitiate my beneficiary certificate, and forfeit all payments made thereon. I hereby agree that as monthly payments and assessments invariably fall due on the first day of the month, that no notice thereof is necessary, and it is my duty to pay the same on or before the 25th day of the month without notice. I hereby waive all claim or right to such notices or of their delivery through the mails or otherwise."

The answer alleges, in addition, that deceased failed to pay his dues for June, July, and August; that after the death of the decedent, to wit, August 26th, the scribe of the local court met the father of decedent, and informed him of such delinquency; that said father thereupon proposed to pay such delinquency, and insisted on paying the same, without any solicitation on the part of said scribe; that said scribe took said dues, forwarded same to appellant, who received same on August 27th; that appellant immediately, on said day, notified said scribe that deceased was a suspended member, and that it would be necessary to furnish a health certificate before he could be restored to good standing; that on September 2nd, said scribe notified appellant of the death of decedent, and thereupon appellant returned the money received as dues, and that said money has never since been in its possession.

The second paragraph of answer was a general denial. To the first paragraph of answer appellee replied in two

paragraphs, the first of which was a general denial. The second paragraph of reply alleged that deceased paid all dues as the same matured, and died August 25th, within the time allowed for payment of dues for August, and that on August 26th the father of the decedent paid the dues for that month. To this reply a demurrer was filed, and overruled, to which ruling the appellant excepted. There was a trial by the court, and a general finding and judgment for appellee.

The errors assigned are (1) the action of the court in overruling the demurrer to the first paragraph of complaint; (2) in overruling the demurrer to the second paragraph of complaint; (3) in overruling the demurrer to the third paragraph of complaint; (4) in overruling the demurrer to the fourth paragraph of complaint; (5) in overruling the demurrer to the second paragraph of reply; (6) in overruling appellant's motion for a new trial.

Counsel for appellee claim that it affirmatively appears from the record that the judgment of the court was rendered upon the first paragraph of the complaint, and that it is, therefore, unnecessary to consider the other paragraphs. We cannot say that the record supports this claim.

The only objection pointed out to the first paragraph of the complaint is that a written assignment, or a copy thereof, of the interest of Sarah J. Hall to appellee was not filed therewith. Where a suit is based upon a written instrument, it is necessary to set out a copy with the pleading. This is not a suit on the assignment of the policy, but upon the policy. The demurrer to the complaint was upon the ground that it did not state facts sufficient to constitute a cause of action. Defect of parties arising on an assignment can only be raised by demurrer assigning such defect for cause. *Dunn* v. *Lonsey*, 80 Ind. 288; *Whippeman* v. *Dunn*, 134 Ind. 349.

The second paragraph of the complaint shows that the

dues provided for were not paid for the months of July and August, but seeks to show a waiver to rely on such non-payment by alleging that appellant, after the death of the insured member, demanded and received the dues for said months with knowledge of such death. To give more fully the averments of the second paragraph, it is alleged that, by the terms of its by-laws, the courts organized and chartered by the defendant and its officers are the sole agents for the defendant for the collection and transmission of all moneys from the members of such courts, fully empowered by the defendant to collect the per capita tax and the monthly instalments of dues for insurance; that under the by-laws of the defendant the scribes of such courts are fully authorized and empowered to collect all money due the defendant, and transmit the same to the supreme tribe; that at the time the insured became a member of William Y. Allen court he paid his initiation fee of $7.50; that on the 25th day of March, 1896, he paid to the scribe of said court $1, the dues for March of that year; that on the 21st day of April he paid said scribe $1, the dues for April; that on the 20th day of June he paid said scribe $1.75, the amount due on his certificate for June and the per capita tax for the period of six months; that he died on the 25th of August, 1896, of which fact the defendant had due notice within a few days thereafter; that upon his death the defendant claimed he was in arrears in his monthly payments on his certificate of insurance for the months of May, July, and August, 1896, and demanded payment thereof; that upon such demand the father of the insured, for the benefit of the appellee and Sarah J. Hall, who was his wife, paid the same; that said defendant demanded, received, accepted, and still retains said money, with a full knowledge of the fact that said Hall was dead at the time of the payment of the same.

Counsel for appellant insist that it is beyond the power of the officer of an association such as appellant to revive

the liability of the association after death of the member. The appellant being a mutual fraternal order, its officers could not waive a forfeiture created by non-payment of such dues, citing *Supreme Council, etc., v. Boyle*, 10 Ind. App. 301. The question presented, we think, is one of forfeiture purely, and it has been held in many cases in this and the Supreme Court that forfeitures for the benefit of the insurer may be waived. *Masonic, etc., Assn. v. Beck*, 77 Ind. 203, 40 Am. Rep. 295; *Farmers, etc., Assn. v. Koontz*, 4 Ind. App. 538; *Sweetser v. Odd Fellows, etc., Assn.*, 117 Ind. 97; *Michigan Mut. Ins. Co. v. Custer*, 128 Ind. 25; *Farmers Ins. Co. v. Liggett*, 16 Ind. App. 598.

In *Masonic, etc., Assn. v. Beck, supra*, Wood J., speaking for the court said: "There is no reason why this waiver may not occur after, as well as before, the death of the person whose life was insured."

In Richards on Ins., p. 80, the author says: "The tendency among the courts seems to be to deny the distinction between mutual and stock companies altogether, in respect to the power of the officers and agents to waive conditions and estop the company from insisting upon forfeitures; for, as a matter of fact, the applicant for insurance rarely knows anything about the charter or by-laws, and could hardly be expected to be acquainted with them at the time of making his application. Universally it is held that the acceptance of an assessment or premium by the home office is a waiver by the company of all former grounds of forfeiture known by it."

In *Queen Ins. Co. v. Young*, 86 Ala. 424, 5 South. 116, it is said: "On breach of the condition and forfeiture of insurance, the defendant had the election to avoid the policy, or waive its right to claim the forfeiture. Conditions in a policy of insurance, limiting or avoiding liability, are strictly construed against the insurer, and liberally in favor of the assured. Though a waiver may be in the nature of an estoppel, and maintained on similar principles,

they are not convertible terms. The courts, not favoring forfeitures, are usually inclined to take hold of any circumstances which indicate an election to waive a forfeiture. A waiver may be created by acts, conduct, or declarations, insufficient to create a technical estoppel. If the company, after knowledge of the breach, enters into negotiations or transactions with the assured, which recognize and treat the policy as still in force, or induces the assured to incur trouble or expense, it will be regarded as having waived the right to claim the forfeiture." To the same effect is *Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410.

The third paragraph of the complaint sets up substantially the same facts as the second. The court properly overruled the demurrer to each of them.

The fourth paragraph pleads an estoppel or waiver by custom of the appellant to receive overdue assessments or dues. The allegation as to custom is as follows: "That by the laws of said defendant the amount to be paid on certificates of insurance falls due on the first day of each month, but by the custom of said defendant with William Y. Allen Court No. 75 the members thereof were not required to pay the same on the day it became due, but, on the contrary, they were permitted to pay the same at such times as suited their ability or convenience. It was the custom of the defendant to receive and accept the amount so due on said certificates when paid, whereby the said Hall was led to believe, and did believe, that, in order to keep alive the said certificate it was not necessary to pay the amount due thereon the day the same fell due." The fourth paragraph then alleges payments for March, April, May, and June, 1896, after the first day of the month; that the member died August 25, 1896, without having paid the dues for July and August, 1896, and that after the death of the member appellant demanded, received, and retained the dues for July and August.

It is claimed that the allegations in this paragraph fail to

establish the custom with the decedent to receive overdue assessments. It is insisted that the custom is established with the William Y. Allen Court No. 75, and not with the decedent; that it does not allege a usage amounting to a custom between appellant and the decedent. We are of the opinion that this paragraph is fairly within the rule laid down in *Sweetser* v. *Odd Fellows, etc., Assn.,* 117 Ind. 97; but it also alleges that appellant, with full knowledge of the facts, received and retained the overdue assessments.

Counsel for appellant next discuss the action of the court in overruling its demurrer to the second paragraph of the reply. The answer to the complaint sets out the by-laws of appellant, and also the provisions of the application requiring all dues to be paid on the first day of each month, and that, if same were not paid by the 25th day of each month, the member should stand suspended, and that, if his dues were not paid and received at the head office on or before the 10th day of the succeeding month, then such suspended member shall furnish the scribe of his or her court a certificate of health stating that he or she is in as good health as when the certificate was issued; that the deceased failed to pay dues for June, July, and August, 1896, and died August 25, 1896, without having paid the same. The second paragraph of reply alleges that deceased "fully paid all sums due the defendant for the months of June and July, 1896, and had until and including the 25th of August, 1896, to pay the sum due for that month; that about 3 o'clock p. m. of said 25th day of August, he was stricken by disease, and immediately thereafter became unconscious, and died at 7:30 p. m. on said day; that on the 26th day of August, 1896, the defendant demanded of the father of said Hall the amount due for said month of August, which he then and there paid; that the defendant accepted said money, and still retains the same." A demurrer for want of facts was overruled to this reply. It is claimed that this paragraph is bad for two

reasons: (1) It admits that the August dues were not paid within the time permitted by the by-laws, but were paid after such time, and after the death of the member; (2) that the reply is a departure from the cause of action stated in the complaint. The appellant answers that the certificate is forfeited by reason of the non-payment of the dues for June, July, and August. Appellee replies that, as to the months of June and July, the insured, in his lifetime, paid the assessments; that as an excuse for the non-payment for August on the 25th day of that month it is alleged that on that day, about 3 o'clock p. m., before the close of business hours, the insured was stricken by disease, and immediately became unconscious, and died at 7:30 o'clock p. m. of the same day. The insured had until and including the 25th day of August, 1896, to pay the August dues, before the time had elapsed given him under the by-laws of the society to make the payment. He was not in arrears until the end of the 25th day of August, 1896, and after that date, to wit, on the 26th day of August, 1896, appellant waived said forfeiture by demanding, collecting, and retaining the dues for that month from the father of the insured in behalf of the beneficiary. Under the allegations of the reply, the authority of any particular officer to receive an assessment in arrears does not necessarily arise, as it is averred that the appellant demanded and received these overdue assessments. By the averments of the complaint it appears that the local scribe, to whom the assessments were paid, was, by the by-laws of the society, the financial secretary of the court, and authorized to collect and receive and transmit all dues owing to appellant. The reply was not a departure from the cause of action stated in the complaint. It shows a legal reason why the cause of action as stated in the complaint should not be defeated on account of the averments of the answer. This view is sustained by *Sweetser* v. *Odd Fellows, etc., Assn.,* 117 Ind. 97, 100.

Counsel for appellant next discuss the action of the court

in overruling appellant's motion for a new trial. The first and second reasons for a new trial are, respectively: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law. These reasons may be considered together. The undisputed facts are as follows: Odo St. C. Hall died at Terre Haute, Indiana, on the 25th of August, 1896. The next day, August 26, 1896, his remains were brought to Rockville, Indiana. On the same day, F. M. Hall, the father of the decedent, paid to Ernest O'Haver, scribe of the local court at Rockville (the William Y. Allen Court No. 75), the sum of $3 to pay the assessments due from Odo St. C. Hall on his certificate of insurance in the defendant order. The monthly payment for August, 1896, was not paid to the scribe until after the death of the insured. The $3 paid to the scribe of the local court at Rockville was received by the supreme scribe at Crawfordsville, Indiana on the 27th of August, 1896. At the time of its receipt, the death of Hall was not known to the supreme tribe. Upon learning of the death of the insured, the supreme tribe returned the money to the scribe of the local court, directing him to pay it to the person from whom it had been received. The local scribe still has the money. There was no averment that the dues for July and August were paid to the supreme tribe until after the death of decedent, although there is evidence tending to show that the dues for July—in fact, all dues excepting those for the month of August—were paid to the local scribe prior to the death of the insured. Counsel for appellant claim that O'Haver was the agent of the members of his court, and not of the supreme tribe, and the money having been returned to him as soon as the death of the insured was known to the defendant, such payment was as to it a nullity. Under the by-laws of the defendant, the local scribe is charged with the duty of collecting all dues from members of the court, and transmitting them to the supreme tribe. Dues from the members are payable only to local scribes. It is not

claimed that there is any provision in the by-laws for for-
feiting membership because the local scribe should fail to
remit dues when paid him. It is true that section ninety-six
of the by-laws, after designating the officers of the subordi-
nate courts, concludes: "These officers, when duly qualified
and installed, are the agents of the members of this court
and are not for any purpose agents of the supreme tribe."
The duties of an officer determine the question of his agency,
and not what he may be called. He is the agent of the su-
preme tribe for doing what its by-laws require him to
do as between the members of the order and the supreme
tribe. *Supreme Council, etc., v. Boyle*, 10 Ind. App. 301;
*Howe* v. *Provident Fund Soc.*, 7 Ind. App. 586; *Germania
Ins. Co.* v. *Lunkenheimer*, 127 Ind. 536. A member has
discharged his obligation when he pays to the only person
authorized to receive them his dues. He has the right to
rely upon their proper application.

Two additional errors are claimed as set out in the motion
for a new trial as causes third and fourth. The court al-
lowed F. M. Hall, a witness for plaintiff, to testify that the
deceased had access to his safe, where witness kept his
money, and that the deceased could have had the money out
of that safe, and that he had permission to use the money
of the witness. The defendant objected to this testimony,
for the reason that it had no tendency to prove that the
deceased had actually paid his dues. The mere fact that he
had access to the money and the permission to use the same
is certainly no proof that he paid any of it to the scribe.
Yet the payment was in issue, and any circumstance which
tended to make the proposition of payment either more or
less probable was relevant. *Morgan* v. *Weir*, 119 Ind. 178.

Counsel for appellant, referring to the fact that the right
of appellee to recover as to one-half of the certificate is
based on an alleged assignment of the certificate to her
by Sarah J. Hall, one of the beneficiaries named in the
policy, make the point that this assignment was never put

in evidence. The record of evidence pertinent to this question is as follows: "The plaintiff offered in evidence the certificate of insurance as follows, to wit." The certificate then follows. Immediately following the certificate, in the body of the typewritten report of the evidence, is the following: "Slips attached to read as follows: For value received, I, Sarah J. Hall, of Rockville, Indiana, do hereby transfer and set over all my rights, title, and interest in the attached life policy to Kate M. Hall, of the city of Brazil, Indiana, this December 22, 1896.                     her

Attest: Albert Payne.          Sarah J. (X) Hall."
                                                    mark.

Upon the face of the record, it thus appears to have been read. But, if it had not been read in evidence, the point made would be of no avail. This evidence would only go to the amount of the recovery to which appellee was entitled without the assignment of one-half of the certificate. The motion for a new trial was not because the damages were excessive or the recovery too large,—the assignments by which the amount of the recovery would have been presented. The question raised by this objection is not, therefore, presented.

While there is a conflict in the testimony as to the payment of dues, there is evidence tending to show that the insured, in his lifetime, paid all dues and assessments except the assessment for the month of August; and as we cannot, under the rule governing appellate courts, weigh the evidence, it remains only to determine upon the merits of the controversy the status of the policy at the time of the death of the insured, and the effect of the payment of the August assessment after death.

It is insisted by counsel for appellant that, the insured having failed to pay the assessment on the 25th day of August, all rights by virtue of the policy in his favor ceased; that sickness, nor the fact that he was unconscious during the last few hours of his life, nor physical or financial inability, nor the payment in behalf of the beneficiaries by a

third party the day after his death, the money not having been received and retained by the supreme tribe with knowledge of his death upon its part, could renew a policy which had become of no effect. Many authorities are cited by counsel in support of this position. We do not deem it necessary to refer to them, for the reason that the certificate was in force at the time of the death of the insured. He was not in default until 12 o'clock midnight of the 25th of August. He was no more in default until the end of the 25th of August than he was on the 2nd day of August. For the sake of the argument, it may be conceded that the payment on the day following his death did not revive the policy, and that the money paid to the local scribe, not having been accepted by the supreme tribe, did not work a waiver of the forfeiture; still, the policy being in force when the liability attached, the subsequent non-payment of the August assessment would not affect the interests of the beneficiaries. Nor could the fact that the supreme tribe had entered upon its records the suspension of the assured for the reason that his dues and assessments for a previous month had not been received work such suspension, if in fact the insured had paid such dues to the local scribe, the only person to whom he was authorized to pay them under the by-laws, although such scribe had not, in the discharge of his duty, transmitted the same to the supreme tribe. When the insured died, there was owing the defendant the August assessment, but he was not in default. From the sum payable to the beneficiary the defendant would have the right to retain the amount of that assessment from the sum payable by the terms of the certificate.

We find no error for which the judgment should be reversed. Judgment affirmed.