THE FRATERNAL AID ASSOCIATION, ETC., v. EDITH E. POWERS.

No. 13,184.  (73 Pac. 65.)

SYLLABUS BY THE COURT.

1. FRATERNAL INSURANCE—*Local Secretary Held Agent of the Association.* Where the laws of a fraternal association authorize the local secretary of the subordinate organizations to collect dues and assessments from members, and also provide that the association shall be liable for benefits upon payments by members to the local secretary, and where the certificate of membership recognizes the authority of the local secretary to receive payments from the members, and further provides that the failure to make payments to him shall avoid the certificate, such local secretary will be deemed to be the agent of the association.

2. —— *Application of Excess Payments of Member.* Where more money is paid by a member to the local secretary for dues and assessments than is necessary to meet claims which have already accrued, the excess should be applied on subsequent and accruing dues and assessments, and the member will not be deemed to be in default so long as such excess is sufficient to meet the accruing claims of the association against the member.

3. —— *Time for Proof of Death.* The provision in the certificate that payment of the benefit "shall be made within ninety days after satisfactory proof of his death" does not mean that the failure to make proofs within ninety days after death will operate as a forfeiture of the benefit.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed July 10, 1903. Affirmed.

*Garver & Larimer*, for plaintiff in error.

*Gleed, Ware & Gleed,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.:   Arthur C. Powers became a member of the Fraternal Aid Association on October 29, 1895, and died on March 10, 1900. His membership was in the local council at Garden City and the beneficiary designated was his wife, Edith E. Powers. In the certificate it was stipulated that in case of his death she should be entitled to a benefit not exceeding $2000. Among the prescribed conditions, Powers was required to pay all assessments and dues and to conform to certain other requirements expressed in the certificate of membership and in the by-laws of the association. After the death of Powers payment of the benefit was resisted on the ground that the required payments had not been made by Powers in his lifetime ; and further, that proofs of death had not been made, in compliance with the terms of the contract of insurance. The jury specially found that all dues had been paid, and that he had paid more than he was required to pay.

It is contended that there was no testimony to support the finding of payment, and that the court erred in refusing peremptorily to instruct the jury to find for the defendant. The record is scarcely in a condition to warrant an examination as to payments, as it shows upon its face that all of the testimony introduced, and which was before the jury for its consideration, is not included in it. We have looked at the testimony preserved, however, and are of the opinion that it is at least sufficient to uphold the findings and verdict. The payments of the member were made to the local

secretary, and this appears to be in accord with the general plan of the association. It is contended that a payment to the local secretary was not binding upon the general council unless the moneys so paid were forwarded to the general council. The by-laws of the association authorize the local secretary to collect the fees and assessments, and also make the general council liable for benefits on payment to the local secretary. The third condition in the certificate of membership plainly recognizes the local secretary as the agent of the association to receive payments from members ; and, besides, there is a provision in it that the failure to make payments to him avoids the certificate. There is no provision that the failure or neglect of the member to see that the money reaches the general council shall operate as a forfeiture of membership or of rights under the contract. Under the holding in *Pyramids v. Drake,* 66 Kan. 538, 72 Pac. 239, the plan of the association as indicated by the provisions mentioned makes the local secretary the agent of the association and not of the members.

In establishing the payments, testimony was offered to show that at different times excess payments were made to, and received by, the local secretary for dues and assessments. The contention is that these payments should not be credited, because they were paid in before assessments had been made or dues had accrued. A member cannot be regarded to be in default who has paid in money to be applied on dues and assessments, and which was received and held by the proper officer for that purpose. It would be a strange rule that would declare a forfeiture of contract rights for non-payment of dues and assessments where the money was received and held by the agent of the association for the very purpose of liquidating

such obligations and preserving the contract rights of the parties. The prepayment of money to the proper officer to meet accruing claims for dues and assessments is a reasonable and convenient method which is probably frequently employed. Under the testimony, the moneys paid in were in excess of that required, and hence some of the questions discussed are immaterial.

The matter of proof of loss is not a very important one in this case. In the first place, the beneficiary certificate does not prescribe a time within which proofs of death shall be made, but simply states that payment shall be made ''within ninety days after satisfactory proof of his death.'' Again, the by-laws provide that upon the death of a member the local president, local secretary and local examiner shall constitute a committee to inquire into the facts regarding the death and to make report to the officers of the general council. No specific provision is found requiring the beneficiary to furnish proofs of death within a specified period, or providing for forfeiture in the event of a failure to make it within a limited time. Aside from these considerations there were actual knowledge of the death and an extended examination by the officers of the association. The officers of that organization were not in a position to insist upon a forfeiture if the contract of insurance made the failure to provide proofs within a fixed time a ground of forfeiture.

These considerations cover the points properly raised by plaintiff in error, and from an examination of the record we are clearly of opinion that no prejudicial error was committed.

The judgment is affirmed.

All the Justices concurring.