HURON TRIBE No. 117, IMPROVED ORDER OF RED MEN v. MACE.

[No. 10,244.   Filed March 9, 1920.]

1. INSURANCE.—Beneficial Associations.—Delinquency of Member. —Right of Heir to Benefits.—By-Laws.—Under by-law of defendant fraternal order providing that any member becoming in arrears should stand suspended from all benefits during the continuance of any sickness intervening while such member is in arrears and for three months from the date such arrears shall have been paid, and that funeral benefits should not be paid to the heirs of a deceased member who died while in arrears for dues, where a member was in good health between June 29, when his dues were payable, and July 5, when they were paid to defendant and retained by it, and such member died August 20, the widow beneficiary was entitled to funeral benefits. · p. 680.

2. INSURANCE.—*Beneficial Associations.*—*Forfeiture.*—*Estoppel.*—Where a fraternal insurance order accepts and retains dues paid by a member in arrears, it is estopped from declaring a forfeiture. p. 680.

3. APPEAL.—*Questions Presented.*—*Failure to Require Jury to Answer Interrogatories.*—*Record.*—No question is presented for review as to the alleged error of the trial court in not requiring the jury to retire and answer certain interrogatories which it had failed to answer, where the interrogatories are not in the record. p. 681.

4. APPEAL.—*Questions Reviewable.*—*Corporate Existence of Defendant.*—*Failure to Question Below.*—Where plaintiff alleged that defendant was a fraternal organization, duly organized under the laws of Indiana, and defendant pleaded to the merits, without raising any question as to corporate existence in the trial court, it is too late on appeal to contend that suit cannot be maintained against an unincorporated society. p. 681.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Action by Mamie Mace against Huron Tribe, No. 117, Improved Order of Red Men. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*George W. Osborn,* for appellant.

*A. C. Pearson, Ira W. Christian, Floyd Christian* and *Ralph Waltz,* for appellee.

NICHOLS, C. J.—Action by appellee against appellant to recover from appellant certain alleged funeral benefits which she claimed to be due her, by reason of the death of her husband, who was, as alleged, a member of appellant order or association. The complaint and answer, with exhibits, are somewhat lengthy, and it is not necessary to this decision that they be set out. There was a trial by jury which resulted in a verdict for appellee in the sum of $600.

Appellant filed a motion for a new trial. Appellee

filed a remittitur in the sum of $140, after which the motion for a new trial was overruled and judgment rendered for appellee in the sum of $460. The only error properly assigned and presented is that the court erred in overruling appellant's motion for a new trial. It appears by the evidence that appellee's husband's dues were payable at the last council meeting in June, 1916, which was June 29, 1916; that they were paid July 5, 1916, and retained by appellant; that he died August, 20, 1916; and that, by the by-laws, appellee was his beneficiary. The by-laws, which were read in evidence, provide with reference to arrears in dues as follows:

> "Any member of the tribe who shall become in arrears for dues, fines or assessments shall stand suspended from all benefits of whatsoever kind during the continuance of any sickness that may intervene while such member is in arrears and for three moons from date such arrearage shall have been paid, nor shall funeral benefits be paid to the heirs of a deceased brother who died while in arrears for dues or assessments."

There is no evidence that any sickness of appellee's husband intervened while he was in arrears. As to the provision for funeral benefits, appellee's 1-2. husband was not in arrears at the time of his death, having paid his assessment July 5, 1916, which was a month and a half before his death. Having accepted and retained the assessment, appellant is estopped from declaring a forfeiture. *Supreme Tribe, etc.* v. *Hall* (1900), 24 Ind. App. 316, 56 N. E. 780, 79 Am. St. 262; 29 Cyc 194, 195.

Appellant next complains that the court erred in not requiring the jury to retire and answer certain interrogatories which it had failed to answer.

3. The interrogatories are not in the record, and no question is presented.

Appellant says that a suit cannot be maintained against an unincorporated society. The complaint alleged that appellant was a fraternal organ-

4. ization, duly organized under the laws of the State of Indiana. Provision for such an organization is made in Acts 1915 p. 276, §5061 a *et seq.* Burns' Supp. 1918. Appellant pleaded to the merits, without raising any question as to corporate existence in the trial court. It is too late here. *Adams Express Co.* v. *Hill* (1873), 43 Ind. 157; 10 Cyc 1347 *et seq.*

The evidence is sufficient to sustain the verdict. We find no error. The judgment is affirmed.