No. 3886

**Second Circuit**

---

MOREAU' v. WOMAN'S BENEFIT ASSO-
CIATION OF MACCABEES

---

(January 27, 1931.  Opinion and Decree.)
(February 26, 1931.  Rehearing Refused.)

---

T. A. Carter, of Alexandria, attorney for plaintiff, appellant.

Hawthorn, Stafford & Pitts, of Alexandria, attorneys for defendant, appellee.

WEBB, J.  In this action, plaintiff, Louis Moreau, beneficiary under a certificate issued by defendant, Woman's Benefit Association of Maccabees, a fraternal benefit society, on the life of plaintiff's wife, Mrs. Lucia Moreau, who died on August 30, 1929, sought to obtain judgment for the amount stipulated to be paid, or one thousand dollars, with legal interest thereon from demand; and plaintiff appeals from a judgment rejecting his demands.

Plaintiff alleged the facts first stated, and further, that the insured had never been suspended; that remittances had been made in payments of rates, etc., of date March 1 and April 10, 1929, and that a receipt was sent her acknowledging full payment of all rates, etc., as shown by checks and receipts attached and made part of the record; that demand was made for payment, which was refused, and defendant had attempted to return the amount remitted, as shown by post office money order attached which is of date September 3, 1929.

In answer, defendant admitted that the certificate had been issued, as alleged, but denied that the insured had not been suspended, and alleged that the insured had failed to pay her dues for the month of December, 1928, and that she was automatically suspended on the 20th day of that month under the provisions of the certificate; defendant further alleged that the remittances were made to one of the officers of the local review, who received the checks on March 5 and 12, 1929, as the agent of the insured, and not as the agent of defendant; defendant denied that such remittances and any action taken relative thereto by the local officer, constituted a payment of dues or had the effect of a waiver of the forfeiture, or of

reinstating the insured, who had not been examined by a physician and reinstated, as required by the laws or rules of defendant, and that the insured was not in good health at the time the remittances were made and could not have been reinstated under the by-laws of the association.

The defendant association consists of a central lodge domiciled at Port Huron, Michigan, where the association was chartered, and local lodges, which are referred to as the "Supreme Review" and "Local Reviews." Mrs. Moreau was a member of the local review domiciled at Alexandria, Louisiana, where she made application for the benefict certificate on January 29, 1915, which was issued on the same date, being signed by officers of the supreme review and an officer of the local review.

In the application for membership, the insured stipulated that she would be bound by all laws of the association in force at that time or thereafter adopted, and a like provision is written in the certificate, and insured further stipulated that the neglect to pay the monthly premiums as provided by the laws of the association would vitiate the certificate. Among the provisions of the by-laws or rules of the association referred to, appellee cites section 353 which provides in substance that the premiums or stipulated rates shall be due on the first of each month, and must be paid to the financial secretary of the local review on or before the 20th day of the month; and section 360 provides that a benefit member failing to pay the premium or rate as provided, suspends herself, and shall stand suspended without notice or action of any officer of all rights of benefit membership and benefits of her review and of the association. Appellee also refers to section 368, which provides

for the reinstatement of benefit members under suspension for non-payment of rates for more than two months following the month in which the premium or rate was due.

The evidence conclusively established that the insured did not pay the monthly rate, premium or dues for the month of December, 1928, and appellant apparently concedes that, under the provisions of section 360 of the laws or rules of the association referred to above, the liability of defendant on the certificate, and the rights of the insured as a member of the association were suspended.

The evidence also established that the remittances were made on the date alleged to the "Financial Secretary" of the local review, and that a receipt, which was written in black ink by the financial secretary was issued, which reads as follows:

"When you see the receipt written in red ink you will know you have been delinquent.

WOMAN'S BENEFIT ASSOCIATION

No._____

W. B. A. No. 10
Alexandria, La., 4/10, 1929.
Received of Lucia Moreau
Certificate or Card Fee_____$11.40
Monthly Rate No. One year.
Review Dues _____ 3.00

Total _____$14.40

Next Payment Due
Date: Dec. 1, 1929.
Nettie Turrentine,
(Financial Secretary)"

On the other hand, the preponderance of the evidence shows that the financial secretary of the local review, some time prior to March 1, 1929, had advised the insured that she was suspended, and that after she received the first remittance she had sent the insured a "medical blank" to

be filled out, which was not returned, but the insured sent the secretary the second remittance, requesting a receipt, which was sent, as shown above; and appellant urges that under the provisions of section 368 of the by-laws of the association, which reads as follows:

"Reinstatement after Third Month.—A benefit member under suspension for non-payment for more than two months following the month in which such monthly rate or other liability was due may be reinstated, by complying with the following requirements, within six months following the month in which such liability was due;

"(1) She shall deposit with the financial secretary the amount of money due at the time of her suspension, together with the amount which has become due since that time, such amounts to be held by the financial secretary as a deposit to await the action of the supreme medical examiner.

"(2) She shall furnish at her own expense an application for reinstatement with medical examination from a qualified medical examiner, a full and detailed report of which shall be sent to the supreme medical examiner, and shall pay to the financial secretary a fee of twenty-five cents which shall be forwarded to the supreme secretary as the fee for the supreme medical examiner.

"(3) The supreme medical examiner shall notify the financial secretary of the review of her approval or rejection of such application for reinstatement with medical examination. If the application for reinstatement is approved, the member shall be reinstated without action by the review, and the amount on deposit shall be turned into the proper funds. If the application for reinstatement is disapproved, the financial secretary shall return to the applicant all the money deposited by her, and the suspension shall be permanent. The applicant for reinstatement shall not be entitled to share in the benefit fund, or the privileges of the Association, before her application for reinstatement with medical examination has been approved; provided, that such member may, if she prefer, reinstate by paying thereafter the rate at her attained age last birthday at date of reinstatement instead of paying arrears,"

and the evidence stated, there was not any intention to waive the medical examination or forfeiture.

Appellee urges that under the section of the by-law quoted, the financial secretary was compelled to accept and hold the funds remitted to her by the insurer, and that while she should not have issued the receipt, that she acted as the ordinary person would have done under the same circumstances; and appellee urges that the receipt was conditional and did not in any manner mislead the beneficiary or the insured, who both knew it was essential that the insured should pass a medical examination and that they both knew that insured could not do so at the time the receipt was issued.

As stated, plaintiff pleaded that the financial secretary was the agent of the insured, and in effect that defendant was not bound by any action of the financial secretary relative to the remittances made by the insured, or any action taken with reference thereto; and while there are several provisions in the by-laws which if literally construed, might be held to have relieved defendant of any action of the local review or their officers, unless ratified, the evidence shows that all of the transactions had by the insured with the supreme review were through her local review, and that the financial secretary of the local review was the only person authorized to collect or receive payment from the members; and as appellee has not referred to such special defense in his brief, we assume it has been abandoned. Wagner v. Supreme Lodge, 128 Mich. 660, 87 N. W. 903; Schlosser v. Grand Lodge,

etc., 94 Md. 362, 50 A. 1048; Fraternal Aid Ass'n v. Powers, 67 Kan. 420, 73 P. 65; Supreme Tribe of Ben Hur v. Hall, 24 Ind. App. 316, 56 N. E. 780, 79 Am. St. Rep. 262; Supreme Lodge, K. of P., v. Withers, 177 U. S. 260, 20 S. Ct. 611, 44 L. Ed. 762; Pringle v. Modern Woodmen, 76 Neb. 384, 113 N. W. 231.

Relative to the contention that the action of the financial secretary did not in any manner mislead either the insured or plaintiff's beneficiary, appellee urges that they both had knowledge that the insured had been suspended and could not be reinstated unless the insured passed a medical examination, as the section quoted so states; and as the evidence established that the financial secretary had sent the insured a form on which the medical examination should be made out, which was not returned to the financial secretary, and further, that the evidence established that the insured was ill and could not have passed the medical examination.

The evidence does not establish that the insured could not have passed a medical examination. The only evidence relative to that question, was a statement made by plaintiff to the financial secretary after the death of his wife, that his wife was ill when she was suspended, and when she received notice, which latter date is not shown; and conceding that the insured was ill on the 20th of December, 1928, when it is claimed the certificate was suspended, does not show that she was ill on the date the remittances were made; and assuming that the insured knew from the by-laws of the association, or should have inferred from the fact that the financial secretary had, prior to sending the receipt, sent her a form for a medical examination, it does not follow that the receipt was accepted as being conditional or dependent on the insured passing a medical examination, or that the receipt was so intended.

There is not anything whatsoever in the receipt which indicates that it was conditional, but on the other hand, the receipt very clearly shows that the insured had paid all amounts due by her from the date of suspension to the date of the receipt, as well as all amounts which would become due from that date to December 1, 1929.

There is not any suggestion that the supreme review was without power to waive either the medical examination, or suspension of the certificate, and considering the amount first remitted and accepted was greatly in excess of the amount the insured was in arrears, and the amount which became due while the certificate was suspended, and that the amount had been retained for some months and until after the death of the insured by the financial secretary as the agent of defendant, we are of the opinion that the action of the financial secretary is sufficient to warrant it to be held that the suspension of the certificate was waived and that the insurer was estopped from urging the suspension of the certificate in defense of the demand. Trotter v. Grand Lodge, 132 Iowa 513, 109 N. W. 1099, 7 L. R. A. (N. S.) 569, 11 Ann. Cas. 533.

It is therefore ordered that the judgment appealed from be avoided and that plaintiff, Louis Moreau, have and recover judgment against defendant, Woman's Benefit Association of Maccabees, in the sum of one thousand dollars, with legal interest from judicial demand, and all costs of suit.